[No. 10,642.—Department One.]

## THE PEOPLE *v.* JAMES BARNHART.

BURGLARY—DEGREES OF OFFENSE—INFORMATION.—An information which simply charges the commission of the crime of burglary, without stating whether the act was committed in the night-time or the daytime, embraces both degrees of the crime; and under such an information it is competent for the jury to find the defendant guilty of the crime in either degree.

ID.—ID.—IMMATERIAL ERROR.—The jury found the defendant guilty of burglary in the second degree, and it was objected to the verdict, that the evidence showed that the offense was committed in the night-time. *Held:* It is a sufficient answer to the objection to say that the defendant is not prejudiced by the error complained of; he can not be permitted to urge in this Court, as a reason for the reversal of the judgment in the Court below, that the determination there was more favorable to him than the evidence warranted.

ID.—ID.—ID.—INSTRUCTIONS.—The Court in effect charged the jury that they could find the defendant guilty of burglary in the first or in the second degree, or not guilty, according to the evidence. *Held:* There was no error.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the County of Alameda.   GREEN, J.

The following is a portion of the charge of the Court: " If, then, gentlemen of the jury, you believe that the defendant did on the fourth day of September, A. D. 1880, at and in the

County of Alameda, and State of California, willfully, unlawfully, feloniously, and burglariously enter the stable, apartment, and tenement of one Thomas R. Badger, the person mentioned in the information, then and there situate, with intent then and there to commit petit larceny, or larceny, you will bring in a verdict of guilty of burglary; and if you find that the burglary was committed in the night-time, you will bring in a verdict of guilty of burglary of the first degree; if you find that it was committed in the daytime, you will bring in a verdict of burglary in the second degree. If you fail to find any of the material facts laid in the information, you will bring in a verdict of not guilty."

A petition for hearing in bank was filed after judgment and denied.

*A. L. Hart,* Attorney General, for Respondent.

The point made is that the evidence establishing an entry in the night-time, will not sustain a verdict for burglary in the second degree. The greater includes the less, and the fact that the verdict was for an offense of less degree than that of which the defendant was guilty, if error at all, would be error without injury. (*People* v. *Jefferson,* 52 Cal. 452; *People* v. *Garnett,* 29 id. 622.)

*Colin Campbell, F. J. Brearty,* and *Thomas Watt,* for Appellant. (Petition for hearing in bank.)

We do not question the correctness of the views advanced by this honorable Court in its opinion, filed in this case September 20, 1881, that an information for "burglary" includes burglary in the first and second degrees; but our position is that on an information for "burglary," defendant could not be legally convicted of burglary in the second degree, when there was no evidence to show that he had committed that particular crime. We respectfully submit, therefore, that the presumption that the defendant has not been prejudiced in respect to a substantial right, is a stronger one than the facts of the case admit, and that a contrary conclusion from these facts is the more reasonable one. (*McDonald* v. *Bird,* 18 Cal. 194.)

The Court erred in instructing the jury that they might find the defendant guilty of burglary of the second degree.

We respectfully submit that this honorable Court, from the time it was first constituted, has in effect, if not directly, maintained the doctrine, that where "an offense is distinguished into degrees," and there is no evidence to support a conviction of a lesser degree of the offense, it is error on the part of the Court below, to instruct the jury that it can find the defendant guilty of that lesser degree of the offense. (*People* v. *McCauley*, 1 Cal. 386; *People* v. *Roberts*, 6 id. 217; *People* v. *Arnold*, 15 id. 482; *People* v. *Sanchez*, 24 id. 28; *People* v. *King*, 27 id. 512; *People* v. *Byrnes*, 30 id. 207; *People* v. *Hughes*, 41 id. 237.)

MORRISON, C. J.:

The defendant was prosecuted by information in the Superior Court of Alameda County, and was found guilty of the crime of burglary in the second degree. Two points are made on this appeal, the first being that the evidence was not sufficient to justify the verdict of the jury, and the second, error of law in the charge of the Court.

Section 459 of the Penal Code defines generally the crime of burglary, and Section 460 of the same Code, declares that any burglary committed in the night-time is burglary of the first degree, and any burglary committed in the daytime, is burglary of the second degree.

It is claimed, on behalf of the defendant, that all of the evidence in the case shows that the stable from which the horses were stolen was entered in the night-time, and, therefore, the crime constituted burglary in the first degree. The information simply charges the commission of the crime of burglary, and does not state whether the act was committed in the night-time or the daytime. It therefore embraced both degrees of burglary, and under such an information, it was competent for the jury to find the defendant guilty of the crime in either degree. It was so held by the Court in the case of the *People* v. *Jefferson*, 52 Cal. 452; and it is there stated that "it was the purpose of the Legislature to authorize the jury or Court, to determine the degree, as the evidence might show that the entry was in the day or night-

time. Reading the sections of the statute together, it seems plain that it was the intention to provide for a crime which is styled 'burglary,' and which consists of an entry with intent to commit a felony or petty larceny, either in the night or daytime. This crime is divided into two degrees—an entry with such intent in the night-time, and an entry with like intent in the daytime, while the duty of determining from the evidence whether the offense is burglary in the first or second degree, is imposed on the Court or jury, as the plea may be 'guilty' or 'not guilty.' Inasmuch as the indictment to cover both degrees must not specify that the entry was either by day or night, it follows that the averment must be general, without such specification, and such averment must be construed as charging an entry both in the night and daytime. Thus construed, whether the Court or jury find the defendant guilty of burglary in the first or second degree, he will be found guilty of an offense charged in the indictment."

By Section 1157 of the Penal Code it is provided that, "whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." It was therefore the duty of the jury to determine the degree of defendant's guilt, and it may be conceded that the evidence in the case would have justified a verdict of guilty of burglary in the first, instead of the second degree; but it does not follow therefrom that the verdict found was not supported by the evidence, or that the same should be set aside.

But it is a sufficient answer to the objection taken on behalf of the defendant, to say that he is not prejudiced by the error complained of. If the jury erred, the error was on the side of the defendant, and he can not be permitted to urge in this Court, as a reason for the reversal of the judgment in the Court below, that the determination there was more favorable to him than the evidence warranted. By Section 1404 of the Penal Code it is provided that no error or mistake in the proceeding renders it invalid, unless such error or mistake has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right. "The substantial rights of the defendant must have been *injuriously* affected

by the error complained of to warrant our interference."
(*People* v. *Brotherton*, 47 Cal. 404.)

The second point involved in this appeal relates to the
charge of the Court to the jury. The Court below gave the
law to the jury very clearly and correctly, and we find noth-
ing in the charge that subjects it to legal criticism.

Judgment and order affirmed.

McKINSTRY and ROSS, JJ., concurred.