[No. 18223. Department Two.—March 17, 1894.]

## POLY, HEILBRON & CO., RESPONDENTS, *v.* W. M. WILLIAMS, APPELLANT.

ACTION UPON CONTRACT—COUNTERCLAIM—TORT—TRESPASS—PROMISE.—In an action upon a promissory note, a defendant may set up a counterclaim for an indebtedness upon an account for nursery stock, consisting of fruit trees and grapevines eaten up and destroyed by the hogs, cattle, and horses of the plaintiffs, before the commencement of the action, which the plaintiffs promised and agreed to pay to the defendant.

ID.—PROMISE TO PAY STATED DAMAGES—While a counterclaim sounding in tort cannot be set up as a defense to an action arising upon contract, yet a promise or agreement to pay a stated sum of money in full satisfaction of damages resulting from a tort becomes a matter arising upon contract, and as such may be properly pleaded as a counterclaim to an action founded upon contract.

ID.—EXPRESS PROMISE.—Proof of an express promise or agreement is necessary in order to sustain such counterclaim.

ID.—PLEADING—IMPLIED PROMISE—EXPRESS PROMISE.—An implied promise is a mere conclusion of law, and the facts from which such promise is implied must under our system of pleading be stated; but the rule is different in the case of an express promise, which is an ultimate fact, and must be pleaded as such, though the word "express" is not necessary to be used in pleading the promise. When a promise is alleged in a pleading, it must be held to be express.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. P. Strother*, for Appellant.

*H. H. Welsh*, for Respondent.

FITZGERALD, J.—This action was brought by plaintiffs to recover on a certain promissory note executed to them by the defendant.

Defendant, in his answer, set up a counterclaim, alleging "that the plaintiffs are indebted to the defendant in the sum of twelve hundred dollars upon an account for nursery stock, consisting of fruit trees and grapevines eaten up and destroyed by the hogs, cattle, and horses of the plaintiffs, during the year of 1892, prior to the commencement of this action, at the county of Fresno, and state of California, which the plaintiffs then and there promised and agreed to pay the defendant."·

"That no part thereof has been paid, and that the said sum of twelve hundred dollars is now due and owing to the defendant from the plaintiffs."

Plaintiffs demurred to that part of the answer pleading a counterclaim and at the same time moved the court to strike it out.

The demurrer was sustained, and the motion granted, and, upon defendant declining to amend, the case was tried by the court without a jury, and judgment given for plaintiffs.

This appeal is taken by the defendant from the judgment and the order denying his motion for a new trial.

The only question necessary to be determined on this appeal is, did the counterclaim set out in the defendant's answer state a cause of action arising upon contract, and existing at the commencement of the action, within the meaning of the provisions of subdivision 2 of section 438 of the Code of Civil Procedure.

It is contended by respondents that the alleged counterclaim is based entirely upon an alleged trespass, from which no contractual liability can be implied.

This contention cannot be sustained.

While it is true that a counterclaim sounding in tort cannot be set up as a defense to an action arising upon contract, yet it is equally true that a promise or agreement to pay a stated sum of money in full satisfaction of damages resulting from a tort becomes a matter arising upon contract, and, as such, may be properly pleaded as a counterclaim to an action founded upon contract.

The counterclaim herein, although somewhat informally pleaded, states a valid, express promise by plaintiffs to pay to the defendant the sum of twelve hundred dollars upon an account for nursery stock destroyed as alleged. It may be that the facts constituting the trespass were stated merely for the purpose of showing a consideration for the promise and agreement alleged, and not for the purpose of raising an implied promise therefrom from as claimed by respondents.

An implied promise is a mere conclusion of law, and the facts from which such a promise is implied must, under our system of pleading, be stated. But the rule is different in the case of an express promise, for such a promise is an ultimate fact and must be pleaded as such. Nor is the word "express" necessary to be used in pleading a promise, for the reason that when a promise is alleged in a pleading it must be held to be express. And proof of an express promise or agreement is necessary in order to sustain the counterclaim pleaded herein.

From these views it is clear that the court below erred in sustaining the demurrer and granting the motion to strike out that part of the answer setting up a counterclaim, for which error the judgment and order are reversed.

DE HAVEN, J., and MCFARLAND, J., concur.