[Crim. No. 815.   Department Two.—January 13, 1902.]

# THE PEOPLE, Respondent, v. WILLIAM WILSON, Appellant.

CRIMINAL LAW—ROBBERY—INSTRUCTIONS—POSSESSION OF PROPERTY
TAKEN—ABSENCE OF EXPLANATION.—Upon a prosecution for rob-
bery, it is proper to instruct the jury to the effect that a failure of
the defendant to account for the possession of the property taken
from the person of the prosecuting witness, or to show that such
property was honestly obtained, is a circumstance tending to show
guilt, and that the accused is bound to explain the possession, in
order to remove its effect as a circumstance to be considered with
other suspicious facts, if the evidence discloses them. Such instruc-
tion does not conflict with an instruction that the possession of
stolen property unexplained is not of itself sufficient to show guilt,
but is a circumstance tending to show guilt, which may be con-
sidered by the jury in connection with other testimony.

ID.—TESTIMONY OF DEFENDANT—IGNORANCE—BURDEN OF PROOF—PROV-
INCE OF JURY.—The testimony of the defendant that he had no
knowledge as to how the property of the prosecuting witness got into
his possession did not cast upon the prosecution the burden to prove
his statement to be false. The jury were not bound to believe the
defendant's statement as to his want of knowledge.

ID.—AIDING AND ABETTING OFFENSE.—If defendant was present when
the robbery was committed, and the jury believed from the evi-
dence that he aided and abetted in its commission, he was prop-
erly found guilty.

ID.—INSTRUCTION AS TO LESSER OFFENSE NOT REQUESTED—ESTOPPEL.—
Where the defendant failed to request an instruction as to grand
or petit larceny, and the uncontradicted evidence showed that the
property was forcibly taken from the person of the prosecuting wit-
ness, it was not incumbent on the court to instruct as to the lesser
offense; and where the defendant proceeded upon the theory that
he was either guilty of the offense charged or not guilty, and

adopted that theory in the instructions requested by him, and took his chances of acquittal by pursuing such course, he will not be allowed to complain because he might have been convicted of a lesser offense.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

A. V. Scanlan, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

COOPER, C.—The information charged defendant with the crime of robbery and with a prior conviction of petit larceny. He pleaded not guilty of the offense of robbery, as charged in the information, but admitted the prior conviction of petit larceny. The jury returned a verdict finding him guilty as charged, and judgment was accordingly entered.

This appeal is from the judgment and order denying his motion for a new trial. No error is claimed as to the judgment, nor is it claimed that the evidence is insufficient to justify the verdict. It is claimed, however, in support of the motion for a new trial, that the court committed errors in giving and refusing instructions to the jury.

1. The eleventh instruction, given to the jury, which is claimed to be error, is as follows:—

"If the jury believe from the evidence that the property mentioned in the information, or any portion thereof, was feloniously taken from the person of the prosecuting witness, James A. Carter, as described in the information, and received into the possession of the defendant shortly after being so feloniously taken, the failure, if failure there be, of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession, in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence disclose any such."

The instruction is almost a literal copy of that given in *People* v. *Abbott*, 101 Cal. 647, and was therein approved.

We see no reason to depart from the doctrine of that case. Neither is the instruction in conflict with the tenth instruction, in which the jury were told that the possession of stolen property, unexplained, is not of itself sufficient to justify a conviction, but is a circumstance tending to show guilt, which may be considered by the jury in connection with other testimony.

2. The court correctly refused the eighth instruction asked by defendant. It was argumentative, and did not state the law correctly.

The fact that defendant testified that he had no knowledge as to how the watch came into his possession did not cast the burden upon the prosecution to prove the statement to be false. It might be impossible to prove the knowledge of the defendant, or his want of knowledge, except from the circumstances. The jury were not bound to believe the defendant as to his want of knowledge. The court, in lieu of the requested instruction, of its own motion gave the following:—

"Though you may be satisfied beyond a reasonable doubt that the watch mentioned in the information was found upon the person of the defendant, Wilson, soon after the alleged robbery, yet unless you are satisfied from the evidence beyond a reasonable doubt that Wilson knew that such watch was upon his own person, and how it came to so be upon his own person, you will not consider the fact, if fact it be, that such watch was so found upon his person as evidence of guilt on the part of such defendant, Wilson."

This was certainly as favorable to defendant as he had the right to expect.

3. The ninth instruction requested by defendant was properly modified by the court, and given in its modified form. Certainly, if defendant was present when the robbery was committed, and the jury believed from the evidence that he aided or abetted in its commission, it was not their duty to find him not guilty.

4. There is no merit in the contention that the court failed to instruct the jury that under the information they might find the defendant guilty of grand or petit larceny. The instructions, given at defendant's request, seem to have been given upon the theory that defendant was guilty of robbery or not guilty. He did not request any instruction as to grand or petit larceny. The uncontradicted evidence in the record

shows that the watch and money were forcibly taken from the person of the prosecuting witness. That he was taken by the neck, struck in the face three or four times, and kicked and thrown on his back. If defendant desired an instruction as to the lesser offenses, he should have asked it. (*People* v. *Franklin,* 70 Cal. 642; *People* v. *Bruggy,* 93 Cal. 485.)

There being in the record no evidence, except that the property was forcibly taken from the person of the prosecuting witness, it was not incumbent on the court to instruct as to the lesser offenses. (*People* v. *McNutt,* 93 Cal. 659; *People* v. *Barney,* 114 Cal. 558.)

The defendant, having proceeded upon the theory that he was either guilty of the offense charged or not guilty, and having adopted that theory in his instructions, and taken his chances of being acquitted by pursuing such course, will not now be allowed to complain because possibly he might have been found guilty of a lesser offense. (*People* v. *Hite, ante,* p. 76.)

For the above reasons the court did not err in giving to the jury the two forms of verdicts.

We advise that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.