·[Crim. No. 89.  First Appellate District.—August 29, 1907.]

## THE PEOPLE, Respondent, v. DYER HALLAM and T. M. KEEBY, Appellants.

CRIMINAL LAW—ROBBERY—POSSESSION OF PROPERTY TAKEN—DUTY OF EXPLANATION.—An instruction to the jury on the trial of defendants charged with robbery, that ''if the jury believe, from the evidence, beyond a reasonable doubt, that the property mentioned in the information, or any portion thereof, was feloniously taken from the person of the prosecuting witness . . . as described in the information, and received into the possession of the defendants shortly after being so feloniously taken, the failure, if failure there be, of the defendants to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show them guilty, and the accused are bound to overcome the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such,'' is not erroneous.

ID.—CONSTRUCTION OF INSTRUCTION—MERE POSSESSION INSUFFICIENT.— Such instruction is to be construed in connection with another instruction, that ''the possession of the fruits of crime is a circumstance to be considered in determining the guilt of defendants; but you are instructed that this circumstance is not of itself sufficient to authorize a conviction, and that the possession by the defendants of the articles alleged to have belonged to the prosecuting witness is not sufficient to convict defendants of the crime of robbery.''

APPEAL from a judgment of the Superior Court of Montercy County, and from an order denying a new trial.  B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Chas. B. Rosendale, for Appellants.

U. S. Webb, Attorney General, and J. A. Bardin, District Attorney, for Respondent.

COOPER, P. J.—The defendants were charged in the information with the crime of robbery in unlawfully and feloni-

ously taking from the person and possession of one Wigney certain personal property described in said information, without his consent and against his will and by means of force and fear. After trial, a jury returned a verdict finding them guilty, and the court thereupon pronounced judgment, adjudging the defendants guilty, and directing that they be punished by imprisonment in the state prison for the term of twenty-five years. They made a motion for a new trial, which was denied, and this appeal is from the final judgment and from the order denying the said motion for a new trial.

The appeal comes here on the judgment-roll alone without any bill of exceptions, and it must be conceded for the purposes of this case that the evidence was sufficient to sustain the verdict, and that the rulings of the court in regard to the admissibility of evidence were correct.

The sole point made by the appellants is the giving of the sixth instruction, given at the request of the prosecution, which is as follows: "If the jury believe from the evidence beyond a reasonable doubt that the property mentioned in the information, or any portion thereof, was feloniously taken from the person of the prosecuting witness, E. Wigney, as described in the information, and received into the possession of the defendants shortly after being so feloniously taken, the failure, if failure there be, of the defendants to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show their guilt, and the accused are bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts if the evidence disclose any such."

It is claimed that the said instruction is erroneous for the reason that it states that the accused, under the circumstances therein stated, were bound to explain the possession in order to remove the effect of the possession as a circumstance; or, in other words, that the effect of the instruction was to cast the burden upon the defendants to explain the possession of the property.

The instruction is copied almost literally from an instruction approved by the supreme court in *People* v. *Wilson,* 135 Cal. 331, [67 Pac. 322]. It was there said, after quoting the instruction, that it is almost a literal copy of one given in *People* v. *Abbott,* 101 Cal. 647, [36 Pac. 129], and was therein

approved. It has been approved by the supreme court in other cases, and, unless we were to overrule these cases laying down a long-established rule, we will have to hold that the giving of the instruction was not erroneous. The instruction must also be read in connection with instruction number six given at the request of the defendants, which stated to the jury: ''The possession of the fruits of crime is a circumstance to be considered in determining the guilt of the defendants; but you are instructed that this circumstance is not of itself sufficient to authorize a conviction, and that the possession by the defendants of the articles alleged to have belonged to the prosecuting witness is not sufficient to convict the defendants of the crime of robbery.''

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.