[Crim. No. 44.   First Appellate District.—May 29, 1908.]

THE PEOPLE, Respondent, v. JOSEPH KING, Appellant.

CRIMINAL LAW—BURGLARY—INSTRUCTIONS—RECENT POSSESSION OF STOLEN PROPERTY.—Instructions as to the recent possession of stolen property, under a charge of burglary, requested by the defendant, which are substantially embodied in the charge, need not be repeated. The court properly instructed the jury "that the mere possession of stolen property, unexplained by a defendant, however soon after the taking, is not of itself, and standing alone, sufficient to justify a conviction," but that "it is a circumstance which, if not satisfactorily explained, tends to show his guilt, and, when taken in connection with other incriminating evidence in the case, if such there be, may be sufficient to satisfy the jury beyond a reasonable doubt of the guilt of the defendant of the crime of burglary as alleged in the information."

ID.—BURDEN UPON ACCUSED.—In such case, the accused is bound to explain the possession, in order to remove the effect of the possession, as a circumstance, to be considered in connection with other suspicious facts tending to show guilt, which may be disclosed by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Wm. P. Lawlor, Judge.

Geo. D. Collins, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

KERRIGAN, J.—Appeal from the judgment and order denying defendant's motion for a new trial.

Appellant was accused jointly with Thomas Baker and Harry Hamilton of burglary, committed on April 23, 1902, in the city and county of San Francisco. The information also alleged two prior convictions of burglary against both appellant and Hamilton, and one prior conviction of robbery against Baker. Appellant admitted the prior convictions charged against him, and pleaded not guilty to the main charge. No evidence was offered on the part of appellant, and he was convicted of burglary in the first degree. He was sentenced to imprisonment in the penitentiary for twenty years, the sentence to run concurrently with another of ten years, the judgment imposing which has been affirmed by the district court of appeal of the third appellate district. (*People* v. *King*, 4 Cal. App. 213, [87 Pac. 400].)

Appellant does not contend that the evidence was insufficient to warrant the verdict of the jury, but he complains of the refusal of the court to give certain instructions. The first of such instructions is that numbered 40, which reads: "If the evidence in this case proves no more than the fact that defendant had possession of the property in evidence, and that he with one Hamilton brought the same to No. 835B Howard street, in this city, then the court instructs you that the defendant cannot be convicted of burglary, and that your verdict must be that he is not guilty." This instruction was substantially given several times at the request both of the appellant and of the people. Some of the instructions given which we think cover the one refused are the following: Instruction No. 2, which in part reads: "In other words, if the jury believe, to a moral certainty and beyond a reasonable doubt, that a burglary had been committed on the premises in question, as alleged in the information; that certain personal property had been stolen in the commission of such alleged burglary; and that certain of such property was afterward in the possession of the defendant, this possession, of itself and standing alone, is not sufficient to justify his conviction, even if the commission of the burglary be established as aforesaid." By instruction No. 48 the court told the jury that it could not convict the appellant of burglary upon proof that he had received stolen property, knowing the same to have been stolen. In instruction No. 61, requested by appellant, the court informed the jury that, unless the evidence satisfied

their minds that King actually entered the premises described in the information, or aided or abetted some other person in entering said premises, their verdict should be not guilty. Instruction No. 37 also in effect covers the subject matter of the rejected instruction.

Appellant next complains of the action of the court in refusing his instructions Nos. 44, 55 and 62; but the substance of these proposed instructions was amply covered by other instructions given by the court. No. 44 was given almost as proposed by part of appellant's instruction No. 39.

It is further urged that the refusal of the court to give appellant's instruction No. 49, and the giving of people's instruction No. 2, was reversible error. These instructions are as follows: "49. You are instructed that the defendant is not required and cannot be required to explain his possession, if any, of the property in evidence here; and the law prohibits you from making any inference or deduction or drawing any conclusion adverse to the defendant from the fact that he has omitted to furnish any explanation of his possession thereof, if he had any such possession."

"2. The people in this case contend that certain of the property alleged to have been stolen from the said premises at the time of the alleged burglary, was subsequently in the possession of the defendant.

"Upon the subject of stolen property in the hands of a defendant charged with burglary, the court instructs the jury that the mere possession of stolen property, unexplained by a defendant, however soon after the taking, is not, of itself and standing alone, sufficient to justify a conviction, even if it be shown to a moral certainty and beyond a reasonable doubt that the alleged burglary was committed. But it is a circumstance which, taken in connection with other incriminating evidence in the case, if any there be, is to be considered by the jury in determining the question of the guilt or innocence of a defendant so charged.

"The failure of a defendant to account for such possession, or to show that such possession was honestly obtained, if it is found that there was such possession, is a circumstance tending to show his guilt, and he is bound to explain such possession in order to remove the effect thereof as a circumstance, considered in connection with other incriminating

facts, if any such are found in the evidence.   In other words, if the jury believe to a moral certainty and beyond a reasonable doubt, that a burglary has been committed on the premises in question, as alleged in the information; that certain personal property had been stolen in the commission of such alleged burglary; and that certain of such property was afterward in the possession of the defendant, this possession, of itself and standing alone, is not sufficient to justify his conviction, even if the commission of the burglary be established as aforesaid.   But it is a circumstance which, if not satisfactorily explained, tends to show his guilt, and, when taken in connection with other incriminating evidence in the case, if such there be, may be sufficient to satisfy the jury beyond a reasonable doubt of the guilt of the defendant of the crime of burglary, as alleged in the information.''

We think the law on the  subject of recent possession of stolen property was correctly declared in instruction No. 2, and that therefore the court did not err in giving it, and in refusing instruction No. 49.   The instruction given has the support of numerous decisions in this state.   Among them are: *People* v. *Kelly,* 28 Cal. 423; *People* v. *Gill,* 45 Cal. 285; *People* v. *Clough,* 59 Cal. 440; *People* v. *Velarde,* 59 Cal. 457; *People* v. *Etting,* 99 Cal. 578, [34 Pac. 237]; *People* v. *Abbott,* 101 Cal. 648, [36 Pac. 129]; *People* v. *Wilson,* 135 Cal. 331, [67 Pac. 322]; *People* v. *Farrington,* 140 Cal. 656, [74 Pac. 288]; *People* v. *Lang,* 142 Cal. 482, [76 Pac. 232]; *People* v. *Horton,* 7 Cal. App. 34, [93 Pac. 382]; *People* v. *Hallam,* 6 Cal. App. 331, [92 Pac. 190].

In the case of *People* v. *Wilson,* 135 Cal. 331, [67 Pac. 322], it is said: ''The eleventh instruction given to the jury, which is claimed to be error, is as follows: 'If the jury believe from the evidence that the property mentioned in the information, or any portion thereof, was feloniously taken from the person of the prosecuting witness, James A. Carter, as described in the information, and received into the possession of the defendant shortly after being so feloniously taken, the failure, if failure there be, of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession, in order to remove the effect of the possession as a circumstance to be

considered in connection with other suspicious facts, if the evidence disclose any such.' The instruction is almost a literal copy of that given in *People* v. *Abbott*, 101 Cal. 647, [36 Pac. 129], and was therein approved. We see no reason to depart from the doctrine of that case."

The instructions given elaborately covered every phase of the case. The record discloses no error; hence the judgment and order should be affirmed, and it is so ordered.

Cooper, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 27, 1908.