[Crim. No. 387. Second Appellate District.—May 6, 1915.]

## THE PEOPLE, Respondent, v. ANGELO KEKO et al., Appellants.

CRIMINAL LAW—BURGLARY—EVIDENCE—POSSESSION OF STOLEN PROPERTY.—While the mere possession of stolen property unexplained by the defendant is not of itself and standing alone sufficient to justify a conviction of burglary, even if it be shown to a moral certainty and beyond a reasonable doubt that by some one the alleged burglary was committed; yet such possession of stolen property is a circumstance which, taken in connection with other incriminating evidence in the case, may be considered by the jury in determining the question of the guilt or innocence of the defendant so charged.

ID.—INSTRUCTIONS—INTENT.—In such a case an instruction to the jury in substance that the question of intent is not involved in the case is erroneous. Intent is one of the most primary and essential elements in such a charge.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—COMMENT ON FAILURE OF DEFENDANTS TO EXPLAIN POSSESSION OF GOODS.—A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself, and his neglect or refusal to be a witness cannot in any manner prejudice him, nor be used against him on the trial or proceeding; and where the defendants did not testify in their own behalf, it was prejudicial misconduct on the part of the district attorney in his argument to the jury to suggest that the defendants had failed to explain why they had the stolen goods in their possession, and to state that they had the opportunity and all that they had to do was to take the stand and tell the jury, which they had not done.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

E. L. Johnson, and A. L. Dorn, for Appellants.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendants have been convicted of the crime of burglary in the first degree pursuant to an information charging them with that crime in having entered a certain room with intent to commit larceny. They appeal

from the judgment and from an order denying their motion for a new trial.

It is contended on behalf of the appellants that there is no evidence which tended to connect them with the commission of the offense charged, except the mere fact that each of them was found in possession of a part of the articles which, according to the testimony, had been stolen from the room occupied by one R. F. Holmes, owner of the stolen property. While the mere possession of stolen property unexplained by the defendant is not of itself and standing alone sufficient to justify a conviction of burglary, even if it be shown to a moral certainty and beyond a reasonable doubt that by some one the alleged burglary was committed; yet such possession of stolen property is a circumstance which, taken in connection with other incriminating evidence in the case, may be considered by the jury in determining the question of the guilt or innocence of a defendant so charged. (*People* v. *King,* 8 Cal. App. 329, [96 Pac. 916].) Without further reviewing the facts, it is sufficient to say that each of these defendants was found in possession of part of the stolen property under circumstances which might have justified the jury in concluding that they were the guilty parties.

The court instructed the jury that, "The question of intent is not involved in this case, for the reason that if there is any evidence against these defendants sufficient to convict at all, it establishes the fact of a larceny having been committed in connection with the burglary. The evidence if it discloses anything, discloses that larceny was committed by whoever entered the room of this complaining witness, so that no question of intent to commit larceny is involved in this case, or at least the intent is not necessary to be shown other than by the evidence that the larceny was in fact committed, so that the question for you to determine after determining by the evidence whether or not the room of this complaining witness was entered and his goods stolen therefrom, is to determine whether or not these defendants or either of them committed the larceny and burglary." The foregoing instruction is erroneous in its declaration that the question of intent is not involved in the case. It was one of the most primary and essential elements in the charge against the defendants.

It is urged on behalf of appellants that on account of misconduct of the district attorney they are entitled to a reversal

of the judgment against them. In our opinion, this contention should be sustained. The defendants did not testify in their own behalf. Section 1323 of the Penal Code provides that ''a defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; . . . His neglect or refusal to be a witness cannot in any manner prejudice him, nor be used against him on the trial or proceeding.'' The district attorney in his argument to the jury suggested that the defendants had failed to explain why they had the stolen goods in their possession. Counsel for defendants objected to this remark and the court responded: ''They don't have to testify in the case. I think what counsel refers to is perhaps the rule of law in reference to what force there is in the possession of stolen property unexplained. The jury will be instructed that the defendants are not required to go on the stand themselves.'' A moment later the district attorney again referred to the fact that it had been in the power of the defendants to explain how they got the goods, and further said, ''they had the opportunity, all they had to do was to take the stand and tell you, that has not been done. They have in that way refused to explain to you circumstances which would justify you in finding them not guilty . . .'' Referring to similar flagrant misconduct of the district attorney, the court of appeal in the third district held that ''in the face of so plain a provision of law, we cannot say that it may be openly violated without prejudice to the defendant.'' (*People* v. *Morris,* 3 Cal. App. 6, [84 Pac. 465].) Since the time of that decision the people have adopted section 4½ of article VI of the constitution, designed to prevent the reversal of judgments or the granting of new trials on account of errors in matters of procedure, ''unless, after an examination of the entire cause including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'' In the case at bar the evidence connecting defendants with the crime is merely circumstantial. While, as above stated, we think it was sufficient to support the verdict, we do not believe that it was so far conclusive that the judgment should be sustained in the face of misconduct in the trial which deprived the defendants of a substantial right guaranteed to them by law.

The judgment and order are reversed.

James, J., and Shaw, J., concurred.