[Crim. No. 3016. Second Appellate District, Division One.—February 18, 1938.]

THE PEOPLE, Respondent, v. FRANK GOLEMBIEWSKI, Appellant.

John R. Barta and William F. Barta for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

WHITE, J.—After trial before the court sitting without a jury, appellant was convicted of two counts of burglary of the second degree as charged in counts I and II, and one count of first degree burglary as alleged in count III, of an information filed by the district attorney. He appeals from the judgment and from an order denying his motion for a new trial.

It is first contended by appellant that there is no evidence which tended to connect him with the commission of the offenses charged except the mere fact that he was found in possession of articles of personal property which, according to the testimony, had been stolen from the respective rooms occupied by the owners of the stolen property.

Epitomized, the facts leading to the apprehension of appellant and to the accusations against him are, that a second-hand dealer, on the morning of the burglary alleged in count I, purchased from defendant. a radio and a suit of clothes identified at the trial as a radio and clothing similar to the articles alleged in said count to have been stolen. The second-hand dealer noted the license number of the automobile occupied by appellant when the sale of the aforesaid property was consummated and transmitted such license number to the police. Fortified with this information, the police apprehended appellant while he was occupying the automobile bearing the reported license number. At the time of the apprehension officers found what is commonly known as a "jimmy" and a glass cutter in the rear of appellant's automobile, and also found in appellant's pocket a wallet iden-

tified at the trial as among the stolen articles. Upon searching the room occupied by appellant, the police found therein a rope ladder together with numerous articles taken in the burglaries alleged in counts II and III of the information. When the officer asked appellant if he would tell where he had sold property which he had stolen from various people so that it could be returned to them, appellant's reply was, "I will think it over". It might here be observed that certain of the property stolen in the respective burglaries, consisting of certain papers and certificates, were found by the police secreted under the rug in appellant's room. Also discovered in appellant's living quarters was a pair of black tennis shoes characterized by the officer at the trial as "sneakers". Noting that the shoes had originally been white the officer inquired of appellant why he had dyed them black, to which the latter replied, "Because I like black better than white". The defendant introduced no evidence at his trial nor did he take the stand in his own defense.

While the mere possession of stolen property unexplained by the defendant is not of itself, and standing alone, sufficient to justify a conviction of burglary, even if it be shown to a moral certainty and beyond a reasonable doubt that by someone the alleged burglary was committed, yet such possession of stolen property is a circumstance which, taken in connection with other incriminating evidence in the case, may be considered by the court or jury in determining the question of the guilt or innocence of a defendant so charged. (*People* v. *King,* 8 Cal. App. 329 [96 Pac. 916]; *People* v. *Keko,* 27 Cal. App. 351, 352 [149 Pac. 1003].)

If the court below believed from the evidence that the property mentioned in evidence was stolen from the premises described in the testimony, and, as in the instant case, received into the possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts such as the evidence herein disclosed. (*People* v. *Abbott,* 101 Cal. 645, 647 [36 Pac. 129].) Without further reviewing the facts, it is sufficient to say that the defendant was found

in possession of the stolen property mentioned in each of the counts contained in the information under circumstances which justified the trial court in concluding that he was the guilty party in the burglaries charged against him.

Appellant next contends that as to count III, he should have been found guilty, if guilty at all, only of burglary of the second, and not of the first, degree. In support of this proposition appellant cites section 1097 of the Penal Code to the effect that where there is a doubt as to the degree of the crime, a defendant can only be convicted of the lesser degree. As to this count the evidence shows that the complaining witness retired about 1:00 A. M. on the morning of May 19, 1937, and that when he awoke about 9:00 o'clock that morning he discovered that his trousers and billfold were missing. This is the property which, together with other articles, was discovered by the arresting officer upon the person of appellant, or beneath the rug in his room. Section 460 of the Penal Code provides that a burglary of inhabited premises committed in the daytime by a person who is not armed with a deadly weapon and who does not, while in the commission of such burglary, arm himself and who assaults no one in the commission of such burglary, is burglary of the second degree. It is the rule that where evidence is open to two equally reasonable constructions, one of which points to the guilt of the defendant of a higher degree of a crime, and the other to his guilt only of a lesser degree thereof, the court must adopt that theory pointing to guilt of the lesser degree. In the case before us the evidence indicates that the victim of the burglary, alleged in count III, retired and slept from 1:00 to 9:00 o'clock on the morning of the crime. There being no evidence either direct or circumstantial to indicate that the crime was committed in the nighttime or that the defendant was armed, or assaulted anyone, while there is evidence to indicate that it might well have been committed between daylight and 9:00 A. M. of the morning in question, the court was bound to resolve that doubt as to the degree of the crime in favor of the accused and to find him guilty of burglary of the lesser or second degree. That the crime of burglary as charged in count III was committed and that the appellant committed it, are firmly established by this record. No miscarriage of justice, therefore, resulted, except that, as a matter of law, the court improperly fixed the

degree of the crime and imposed the penalty therefor. That injustice may now be righted by this court without subjecting the state and the defendant to the delay and expense of a new trial. (*People* v. *Kelley,* 208 Cal. 387, 393 [281 Pac. 609]; sec. 1181, subd. 6, Pen. Code.)

 Appellant next asserts that the trial court fell into error in sustaining the objection of the prosecution to his cross-examination of Officer Bailey relative to a comparison of the handwriting of appellant with the signature that appeared in the pawnbook of the second-hand dealer who purchased some of the stolen property. Appellant's claim in this regard is without merit. The questions asked by appellant were not proper cross-examination, nor were the requisite foundational questions asked of the witness to qualify him as a person familiar with the writing of the appellant. The exemplars of appellant's handwriting that were submitted to the officer were made after the arrest of defendant and in this connection we find, in the case of *People* v. *Briggs,* 117 Cal. App. 708, 711 [4 Pac. (2d) 593], the court commenting upon comparisons of the writing of an accused made subsequent to his arrest, in which case this court quotes with approval the language used in the case of *Williams* v. *State,* 61 Ala. 33, at page 40, as follows: " ' . . . But it would open too wide the door for fraud, if a witness were allowed to corroborate his own testimony by the preparation of specimens of his writing for the purpose of comparison. By design a correspondence with, or departure from the disputed writing could be fabricated; and whether there was such design, is an enquiry with which the jury should not be embarrassed.' " The evidence indicates that the defendant had a bank account and it seems to us that if he desired to prove, by comparison, that his genuine signature was not the one in the pawnbroker's book, he could have produced the bank officials, who were familiar with his signature as it appeared upon his identification card and checks, to testify as to the similarity or lack of similarity of his genuine signature with the one appearing on the pawnbroker's book. This the defendant failed to do. In fact, he offered no defense whatsoever.

There is nothing further in the record demanding our attention.

For the foregoing reasons it is ordered that the judgment and the order denying appellant's motion for a new trial as to counts I and II be, and the same are, hereby affirmed.

As to count III, the order denying appellant's motion for a new trial is affirmed, and the judgment of the lower court finding the defendant guilty of burglary of the first degree as charged in count III is modified to a judgment finding the defendant guilty of burglary of the second degree, and the cause is remanded to the trial court with directions to enter a judgment accordingly, and which judgment as so modified is affirmed.

York, P. J., and Doran, J., concurred.