[Crim. No. 2148. Third Dist. Feb. 2, 1950.]

THE PEOPLE, Respondent, v. OSCAR HOBOMONO JIMINEZ, Appellant.

§

Anthony J. Chargin for Appellant.

Fred N. Howser, Attorney General, and C. J. Scott, Deputy Attorney General, for Respondent.

PEEK, J.—By an information filed by the district attorney of San Joaquin county the appellant was charged with murder. Upon his arraignment he entered pleas of not guilty and not guilty by reason of insanity which pleas were subsequently withdrawn and a plea of guilty entered to the crime charged. The court, after receiving evidence as to the degree of the offense pursuant to section 189 of the Penal Code, determined it to be murder of the first degree and sentenced defendant to life imprisonment. His motion for a new trial and for a modification of the judgment was denied and he now appeals from the order denying said motion and from the judgment so imposed.

The record shows that the 21-year-old appellant is a citizen of Mexico who has resided in California since 1945, residing with decedent's family near the city of Lodi for approximately seven months prior to the murder. While he ate his meals with the family his actual living quarters were located under a tree approximately 100 feet from the house.

The evidence primarily consists of the testimony of the appellant who testified that he and the decedent, Clotilde Vasquez, were engaged to be married; that he customarily met his fiancee upon her return home from her night job in a Lodi cannery and did so meet her about 1:30 a. m., on the morning of the homicide and that they proceeded to a near by

vineyard. He further testified that during the course of their conversation she informed him of her intention to go to school in San Francisco and requested him to postpone their wedding until she had concluded her contemplated schooling; that she became angry upon his refusal to do so and his statement that he did not wish to wait any longer; that he too became angry and drew a pocket knife with the intent to "afraid her" but that in his anger he lost his head and fatally stabbed her. Appellant admitted that he fled the scene of the crime without knowing whether or not Clotilde was dead and boarded a bus bound for Los Angeles. Upon his arrival there he changed his name and secured employment with a railroad company by whom he was employed until his apprehension and return to Stockton.

One of the brothers who found her body in the vineyard the following morning testified that the ground near by appeared "scuffled up." He further testified that the decedent had told him she "might marry" the defendant but that she "wasn't, . . . well, too certain about it." Another brother who had searched appellant's living quarters testified that from a distance the bed appeared to be occupied but upon closer examination he found that a blanket had been used so as to cause it to appear that a person was sleeping in it.

The county autopsy surgeon testified that death resulted from a stab wound which penetrated the chest and the right side of the heart, causing a massive hemorrhage. He further testified that "there were also other stab wounds, two of the stab wounds were in the chest, anterior, four were in the back and one was in the left forearm." He characterized the wounds as "penetrating," indicating the use of "some force" or of "a very sharp instrument." No further evidence was introduced.

Defendant's sole contention is that the foregoing evidence is insufficient to sustain the determination of murder of the first degree, in particular he contends that it fails to prove that the admitted murder was deliberate and premeditated. Both defendant and respondent agree that if the murder is one of the first degree it is so only because the foregoing evidence establishes that it was a "wilful, deliberate, and premeditated" killing within the meaning of section 189 of the Penal Code.

Respondent maintains that the evidence is sufficient to sustain the judgment and observed that to "adopt defendant's appraisal of the evidence would mean that no longer in California could a first degree murder finding stand unless there were either eye witnesses of the homicide or unless the

defendant voluntarily stated that he had fully premeditated and deliberated the killing. The administration of justice in this state will not be so thwarted." This court feels as deep a concern for the administration of justice as does respondent. While "justice" is a term difficult to define, we are convinced that it does not include the affirmance of judgments unsupported by substantial evidence and we think that respondent would share our conviction. We will therefore consider the evidence and arguments in support thereto and render our decision accordingly.

As evidence of premeditation and deliberation respondent refers to the testimony of decedent's brother that she informed him of her plan to go to San Francisco and argues that by reason of the relationship existing between her and appellant it is reasonable to infer that she had informed appellant of her plans prior to the evening of the homicide and that therefore he accompanied her to the vineyard in a final but vain effort to dissuade her from going to school. Such argument is patently unsound. If it is reasonable to infer that because decedent informed her brother of such plans she likewise informed appellant, it is equally reasonable to infer that decedent discussed her plans not only with her immediate family but with other persons as well, but because of defendant's ardent love for her and knowing that a postponement of their marriage would cause him great unhappiness he would be the last one she would inform of her decision. Under such circumstances courts are bound by the rule that "where evidence is open to two equally reasonable constructions, one of which points to the guilt of the defendant of a higher degree of a crime, and the other to his guilt only of a lesser degree thereof, the court must adopt that theory pointing to guilt of the lesser degree." (*People* v. *Golembiewski*, 25 Cal.App.2d 115, 118 [76 P.2d 717]; Pen. Code, § 1097; see, also, *People* v. *Daniel*, 65 Cal.App.2d 622 [151 P.2d 275].)

Respondent in further support of the judgment refers to the evidence that the killing was accomplished by means of a knife and the number and location of stab wounds inflicted upon the decedent. While it is true that a specific intent to kill may be inferred from the use of such a knife as herein involved, a specific intent to kill does not constitute a homicide murder in the first degree unless such intent has been reached by deliberation and premeditation. (*People* v. *Bender*, 27 Cal.2d 164 [163 P.2d 8]; *People* v. *Thomas*, 25 Cal.2d 880 [156 P.2d 7].) Furthermore the suggestion by respondent

that the fatal injuries were inflicted with intent to cause cruel suffering and that therefore the murder was of the first degree is wholly inconsistent with the proper concession made in its brief that the murder is one of first degree only if it were the result of deliberation and premeditation. Even if such were not the state of the record the recent case of *People* v. *Tubby*, 34 Cal.2d 72 [207 P.2d 51], would appear to be a complete answer to respondent's argument on this point.

Respondent lastly refers to certain actions of the defendant subsequent to the commission of the crime. Particularly it calls attention first, to the testimony of decedent's brother that defendant's bed was made to appear as though it were occupied, and secondly, to his flight from the scene of the crime as evidence of deliberation and premeditation.

The only evidence relative to the condition of defendant's bed was given by one of decedent's brothers who testified that on the morning following the homicide he observed the bed from a distance and it looked like someone was in it but that upon closer examination he found that a blanket had been used to make it appear as though a person was sleeping there.

It might well be that under certain circumstances such evidence would be some indication of premeditation. However, in the absence of any showing other than that the condition existed on the morning following the homicide we are presented with the identical problem previously discussed concerning decedent's desire to further her schooling and for the same reason the argument of the prosecution on this point is likewise without merit. (*People* v. *Golembiewski, supra.*)

The essence of respondent's final argument regarding the flight of the defendant as evidence of deliberation and premeditation appears to be that since the court in the case of *People* v. *Fowler*, 178 Cal. 657 [174 P. 892], upheld a refusal of the trial court to instruct the jury therein that flight was not evidence of deliberation and premeditation therefore the flight of the defendant herein is evidence of such necessary element of the crime of first degree murder. We do not understand that case to so hold. The discussion of the court therein on this point shows that because the instruction would have eliminated flight from consideration by the jury even as evidence of guilt the court held it to be an incorrect statement of the law. In particular the court stated, at page 673, that "flight was a circumstance to be considered, in connection with other evidence, in determining the degree of guilt, on a charge of murder of the first degree . . . though not of itself suffi-

cient to establish guilt . . . the fact that the defendant fled was a circumstance to be considered as tending to show guilt of the crime, though not of itself sufficient to create a presumption of guilt.'' Thus the flight of the defendant herein was relevant for the reasons above mentioned but inasmuch as defendant had confessed to the homicide the fact of his flight standing alone as it is without any other evidence in the record tending to show premeditation and deliberation it necessarily follows that such fact is patently not a basis for respondent's argument in support of the judgment.

For the foregoing reasons the order denying the motion for a new trial is affirmed; the judgment is modified by reducing the degree of the crime to murder of the second degree, and as so modified the judgment is affirmed, and the cause is remanded to the trial court with instructions to sentence the defendant to imprisonment for the term prescribed by law for murder of the second degree.

Adams, P. J., concurred.