THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JOBINO REYES BONILLA, Defendant and Appellant.

No. CR-71-6.        Decided November 22, 1971.

*Julio García Antique* for appellant. *Gilberto Gierbolini, Solicitor
General,* and *Ruth Tentori Lebrón-Velázquez, Assistant Solic-
itor General,* for The People.

MR. JUSTICE MARTÍNEZ MUÑOZ delivered the opinion of the
Court.

The evidence in this case shows, without appellant raising
herein any question in relation thereto that about 8:00 p.m.
on January 22, 1968, Jobino Reyes Bonilla, accompanied by a
15-year-old minor, entered the residence of Lucy Santiago
Arroyo, in Barrio Coquí of Salinas, from which he took a
Bulova wristwatch, while Mrs. Santiago and her husband
were visiting a relative in another ward. He was prosecuted
by a jury for the offense of burglary in the first degree, the
latter returning a verdict of guilty by a majority of eleven to
one.

The only error he assigns is that the information is insufficient at law to charge the offense for which he was convicted for failure to allege that the burglary was committed during the nighttime. Actually, the information does not allege said fact.[1]

Section 408 of the Penal Code, 33 L.P.R.A. § 1591, defines the offense of burglary as follows:

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, barn, stable, outhouse, or other building, tent, vessel or car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary."

■ It may be seen that the essential elements of said offense in Puerto Rico are the entry into one of the places specified in said section and the specific intent to commit grand or petit larceny, *People* v. *Soriano Rodríguez*, 92 P.R.R. 44 (1965); *People* v. *Cosme Vargas*, 96 P.R.R. 815 (1969). As known, § 408 is taken from § 459 of the Penal Code of California; *People* v. *Medina Walker*, 90 P.R.R. 633, 635 (1964). Originally, in the Anglo-Saxon common law, burglary consisted in *entering* the house of another in the *nighttime* with the intent to commit felony. See *People* v. *Cosme Vargas*, *supra* at p. 818, and the case cited therein; McCormac, *Development of the Law of Burglary in California*, 25 So. Cal. L. Rev. 75 (1951).

---

[1] The information reads as follows:

"The prosecuting attorney files information against JOBINO REYES BONILLA, resident in Las Parcelas Viejas, Ward Coquí, Salinas, Puerto Rico, for the offense of burglary in the First Degree (Felony), committed in the following manner:

"Said defendant, Jobino Reyes Bonilla, about January 22, 1968, and in Salinas, Puerto Rico, which is part of the jurisdiction of the Judicial District of Guayama, Puerto Rico, then and there, said defendant, illegally, voluntarily, and maliciously, and with the intent to commit theft, as he did, entered the residence of Lucy Santiago Arroyo, from where he took a lady's Bulova watch, which belonged to the aforesaid Lucy Santiago Arroyo."

Section 459 of the Penal Code of California was promulgated in that state almost a century ago, in the year 1872. As it was originally drafted, the definition of the offense of burglary included as an essential element that the entry be during the nighttime, the concept of the offense being thus incorporated under the Anglo-Saxon common law. In California the elimination of this element of the offense soon followed. Four years later, in the year 1875–76, § 459 was amended, eliminating said requirement; and § 460, which fixed the penalty, was entirely repealed, the offense being divided into two degrees: the first, the one committed during nighttime; the second, the one committed during daytime. The penalty for one and the other degree was fixed by § 461 by the amendment made to it in California on said occasion. West's Annotated California Codes §§ 459, 460, 461, pp. 33–146. With this new language §§ 408, 409, and 410 were approved, respectively equivalent to §§ 459, 460, and 461 of California, when our Code was promulgated in the year 1902.

Twenty-one years prior to the promulgation of our Code, in 1881 the Supreme Court of California considered the conviction of an appellant for the offense of burglary in the second degree, the changes made to the sections of the aforementioned Code being already in force. Defendant had been accused of burglary without specifying whether the entry had occurred during the day or during the night. Said court held in *People* v. *Barnhart*, 59 Cal. Rep. 381, 384 (1881), that said allegation was not necessary:

"Reading the sections of the statute together, it seems plain that it was the intention to provide for a crime which is styled 'burglary', and which consists of an entry with intent to commit a felony or petty larceny, either in the night or daytime. This crime is divided into two degrees—an entry with such intent in the nighttime, and an entry with like intent in the daytime, while the duty of determining from the evidence whether the offense is burglary in the first or second degree, is imposed on the Court or jury, as the plea may be 'guilty' or 'not guilty'. Inasmuch as

the indictment to cover both degrees must not specify that the entry was either by day or night, it follows that the averment must be general, without such specification, and such averment must be construed as charging an entry both in the night and daytime. Thus construed, whether the Court or jury find the defendant guilty of burglary in the first or second degree, he will be found guilty of an offense charged in the indictment."

■ Our Legislative Assembly took as models the sections of the Penal Code of California concerning the offense of burglary when it promulgated our Code in the year 1902. We find no justification whatsoever to deviate ourselves from the general rule of hermeneutics which presumes that the lawmaker in Puerto Rico adopted said sections with the construction ascribed thereto by the Supreme Court of California until the date of our adoption. *People* v. *Ramos*, 18 P.R.R. 954, 962 (1912); *Corretjer* v. *District Court*, 72 P.R.R. 704 (1951); *People* v. *Matos*, 83 P.R.R. 323, 327–330 (1961); *People* v. *Pacheco*, 83 P.R.R. 505, 509–510 (1961). That construction has been followed in California up to the present time. *People* v. *Collins*, 255 P.2d 59, 63 (1953); *People* v. *Martin*, 275 P.2d 635 (1954); *People* v. *Núñez*, 86 Cal. Rptr. 707 (1970). The same seems to be the fairest and most reasonable, since it permits the trier of the facts, in case of reasonable doubt as to the degree, to give defendant the benefit of the doubt by rendering a verdict for the lesser degree. *People* v. *Barnhart*, *supra; People* v. *Golembiewski*, 76 P.2d 717 (1938).

■ We decide that the time when the offense is committed is not an essential element of the offense. The time only affects the degree, which determination is incumbent upon the trier of the facts. The essential elements of the offense—the entry and special intent to commit grand or petit larceny—were informed to appellant by the information, placing him in a position to defend himself. That is all that is required. Rule 35 (c) of the Rules of Criminal Procedure; *People* v. *Seda*, 82 P.R.R. 695 (1961). The allegations of the information comply

with the requirements of § 408 of the Penal Code, without the absence of the allegation as to the time in which the offense was committed violating the right of the defendant to the due process of law.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.

