[No. 13951.   Department Two. — November 18, 1891.]

| 91  655
|141  522

JABUS LILLEY ET UX., RESPONDENTS, *v.* M. C. PARKINSON, APPELLANT.

EVIDENCE — OPINIONS OF MEDICAL WITNESSES — EXTRACTS FROM MEDICAL WORKS — IMPROPER EXAMINATION. — It is not competent upon the examination of medical witnesses, either in direct or cross examination, to read to them extracts from medical works, and ask them whether what is so read corresponds with their own judgment, when it is apparent that the sole object of so doing is to place before the jury the opinion of the author of the books referred to.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Knight & Heggerty, George A. Knight,* and *A. C. Hartley,* for Appellant.

*Eli R. Chase,* and *C. Ed. Miller,* for Respondents.

DE HAVEN, J. — The defendant is a physician and surgeon, and this action is to recover damages for his alleged negligence and unskillfulness in setting a broken arm of the plaintiff Sarah E. Lilley. The plaintiffs recovered a judgment for one thousand dollars. The defendant appeals.

Upon the trial, the plaintiffs were permitted, in the examination in chief of medical witnesses called by themselves, to read extracts from Agnew's Surgery, shown to be a standard work and authority on that subject, and then to ask the witnesses if what was so read corresponded with their own judgment. The decision of the court in overruling the objection of defendant to this mode of examination was erroneous. The only effect of these questions and answers was to place before the jury the opinion of the author of the book referred to, and it is also apparent that this was the object sought. But it is not permissible in this manner to evade the general rule of evidence which excludes medical books and opinions found therein as incompetent. (*Commonwealth* v. *Sturtivant*, 117 Mass. 122; *Galligher* v. *Market St. R'y Co.*, 67 Cal. 17; 56 Am. Rep. 713.) In the cases of *Marshall* v. *Brown*, 50 Mich. 148, *Fisher* v. *S. P. R. R. Co.*, 89 Cal. 399, *City of Bloomington* v. *Shrock*, 110 Ill. 219, 51 Am. Rep. 678, it was held not competent, upon cross-examination of a witness, to read to him extracts from medical books, and ask him whether he agreed in opinion with the author, when it was apparent that the sole object of so doing was to get before the jury the extracts so read as original evidence to sustain the theory of the party so cross-examining the witness.

The principle upon which those cases were decided applies with even more force to the facts of this case, where the same forbidden result was accomplished by the manner in which the direct examination of the witnesses for plaintiffs was conducted.

Judgment and order reversed.

SHARPSTEIN, J., and McFARLAND, J., concurred.