## THE PEOPLE, RESPONDENT, v. LOUIS ETTING AND BURT HADLEY, APPELLANTS.

CRIMINAL LAW — SIGNATURE TO INFORMATION — DEPUTY DISTRICT ATTORNEY. — The name of the district attorney may be signed to an indictment or information by his deputy.

ID. — ROBBERY — POSSESSION OF STOLEN PROPERTY UNEXPLAINED — INSTRUCTIONS. — Where the court has instructed the jury upon the trial of a charge of robbery, that "the mere possession of stolen property unexplained by defendant, however soon after taking, is not sufficient to justify a conviction, it is merely a circumstance, which taken in connection with other testimony, is to determine the question of guilt," it is not error for the court also to instruct the jury that "the failure of the defendants to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show their guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such."

ID. — INSTRUCTIONS TO BE TAKEN TOGETHER. — The instructions are to be taken together and read as a whole, and when so read, if they correctly interpret the law applicable to the case, no error is committed.

ID. — PROOF OF VENUE. — Where the information charged the offense to have been committed at the county of Los Angeles, state of California, and the trial was had in that county, and the robbery is described in the evidence as having occurred in Los Angeles, and there was no suggestion in the evidence that it occurred elsewhere, the venue is sufficiently proved.

ID. — JUDICIAL NOTICE OF COUNTY SEAT. — The courts will take judicial notice of "whatever is established by law," and hence that Los Angeles is the county seat of Los Angeles County, and in said county.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*R. Dunnigan,* and *C. W. C. Rowell,* for Appellants.

*Attorney-General W. H. H. Hart,* for Respondent.

SEARLS, C. — Defendants were charged by information with robbery, committed in the county of Los Angeles September 6, 1892, and upon a trial were convicted.

The appeal is from the judgment of conviction and from an order denying a motion for a new trial.

The information was signed as follows: —

"James McLachlan, District Attorney in and for the County of Los Angeles, State of California.   By D. W. Diel, Deputy."

It is sufficient that the name of the district attorney is signed

to an indictment or information by his deputy. (*People* v. *Darr*, 61 Cal. 554; *People* v. *Turner*, 85 Cal. 432.)

The following instruction was given to the jury at the request of the prosecution, and the action is assigned as error: "If the jury believe the property was stolen, and was seen in the possession of defendants shortly after being stolen, the failure of the defendants to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show their guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such."

In the instruction immediately preceding the foregoing, the court had instructed the jury that "the mere possession of stolen property, unexplained by defendant, however soon after the taking, is not sufficient to justify a conviction; it is merely a guilty circumstance, which, taken in connection with other testimony, is to determine the question of guilt," etc. Again, at the request of defendant, the court instructed as follows: "The mere possession of property recently stolen is not of itself sufficient evidence upon which to convict the prisoner of the theft. It is a circumstance tending to show guilt, but not of itself sufficient to warrant conviction."

This court in *People* v. *Fagan*, 66 Cal. 534, upheld an instruction of similar import with the one here objected to.

The instructions are to be taken together and read as a whole, and when so read, if they correctly interpret the law applicable to the case, no error is committed.

With the explanations contained in the other instructions, and in view of the former rulings of this court, the contention of appellant cannot be maintained. (*People* v. *Chambers*, 18 Cal. 383; *People* v. *Kelly*, 28 Cal. 424; *People* v. *Rodundo*, 44 Cal. 538; *People* v. *Clough*, 59 Cal. 438; *People* v. *Veiarde*, 59 Cal. 457.)

The venue was sufficiently proved.

The information charged the offense to have been committed at the county of Los Angeles, state of California. The trial was had at Los Angeles County. The prosecuting witness described the robbery and loss of his watch as having occurred

in Los Angeles; the defendants as witnesses described certain circumstances connected with their supposed guilt and their residence and presence in Los Angeles on the night of the robbery. There was no suggestion that the supposed offense was committed elsewhere than at Los Angeles, in the county of Los Angeles. (*People* v. *Tonielli*, 81 Cal. 275; *People* v. *Manning*, 48 Cal. 338.)

The courts will take judicial notice of "whatever is established by law" (Code Civ. Proc., subd. 2, sec. 1875), and hence that Los Angeles is the county seat of Los Angeles County, and in said county.

The evidence was conflicting and sufficient to uphold the verdict.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

PATERSON, J., HARRISON, J., McFARLAND, J.