. [No. 20985.   In Bank. — March 16, 1894.]

THE PEOPLE, RESPONDENT, *v.* GEORGE ABBOTT, APPELLANT.

CRIMINAL LAW—TRIAL—BRIBERY OF WITNESS—INVESTIGATION BY COURT.
   If the circumstances pending a criminal trial are such as to impress the court with a suspicion that a witness has been tampered with or bribed by the attorney for the defendant, the investigation of the mat-ter should be conducted in the absence of the jury in order that the jurors might not be influenced in their verdict by any developments arising from such investigation.

ID.—REMARKS IN PRESENCE OF JURY—EXCEPTION.—An objection to re-marks made by the trial court in the presence of the jury, touching the conduct of appellant's attorney in regard to the bribery of a witness, will not be considered upon appeal where no exception was noted to the course pursued by the court.

ID.—POSSESSION OF STOLEN PROPERTY UNEXPLAINED—BURGLARY.—The mere possession of stolen property unexplained by the defendant, though not sufficient to justify a conviction, is a circumstance tending to show

guilt, and the accused is bound to explain the possession in order to remove the effect of it as a circumstance to be considered in connection with other suspicious facts if the evidence discloses any such.

ID.—INAPPROPRIATE EXPRESSION—INSTRUCTION.—The words "a circumstance tending to show guilt" would be a more appropriate expression than the phrase "a guilty circumstance" as applied to the possession of stolen property, yet their manifest meaning is the same, and the use of the latter expression in an instruction is not ground for a reversal of a judgment of conviction.

ID.—APPROPRIATENESS OF INSTRUCTION—POSSESSION OF PROPERTY—CONFLICT OF EVIDENCE.—Where there is direct evidence to the effect that the defendant was in possession of the property stolen from the house burglarized at about the time the burglary was committed, the mere fact that this evidence was contradicted by the defendant or other witness, cannot defeat the right of the people to have an instruction bearing upon the question of the possession of stolen property given to the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*C. C. Stephens,* for Appellant.

*Attorney General W. H. H. Hart,* and *Deputy Attorney General William H. Layson,* for Respondent.

GAROUTTE, J.—The appellant was convicted of burglary, and appeals from a judgment and order denying his motion for a new trial. A very large number of exceptions were taken by appellant during the progress of the trial which are barely alluded to in his brief. We have received no aid from that source in the examination of them, and after giving them more consideration than appellant's counsel appears to have done, measured by his brief, we find nothing justifying a reversal of the judgment.

Complaint is made of certain remarks made by the trial court in the presence of the jury touching the conduct of appellant's attorney in regard to the bribery of a witness. If the circumstances were such as to impress the court with a suspicion that the witness had been tampered with, the investigation of the matter should have been conducted in the absence of the jury in order

that the jurors might not have been influenced in their verdict by any developments arising from such investigation; but no exception was noted to the course pursued by the court, and for that reason we are not authorized to pass upon the merits of the controversy. (*People* v. *Ah Fook*, 64 Cal. 382.)

The court gave the jury the following instructions, which it is claimed do not state the true rule of law: "The mere possession of stolen property, unexplained by the defendant, however soon after the taking is not sufficient to justify a conviction. It is merely a *guilty* circumstance, which, taken in connection with other testimony, is to determine the question of guilt." And again: "If the jury believe from the evidence that the property mentioned in evidence was stolen from the premises described in evidence, and received into possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence disclose any such."

These two instructions are in effect the same. The principle embodied therein covers the same ground, and we think the law is correctly declared. (*People* v. *Etting*, 99 Cal. 577.)  "A circumstance tending to show guilt" would be a more appropriate expression than the phrase "a guilty circumstance," yet their manifest meaning is the same. The one is the equivalent of the other, and this court has so declared in *People* v. *Rodundo*, 44 Cal. 541.

It is further claimed that these instructions, conceding them to be sound law, were not *apropos* to the case disclosed by the evidence. We think the circumstances of the case justified them. There was some direct evidence to the effect that the appellant was in possession of the property stolen from the house burglarized, at

about the time the burglary was committed, and the mere fact that this evidence may have been contradicted by the defendant or other witnesses would not defeat the right of the people to have an instruction bearing upon the question of the possession of stolen property given to the jury. Of course, before the jury could apply that principle of law to the defendant, they should be satisfied that he in fact had possession of the stolen property; but when so satisfied from the evidence, the legal principle should weigh against him.

There is nothing further in the record demanding our attention.

It is ordered that the judgment and order be affirmed.

PATERSON, J., McFARLAND, J., and FITZGERALD, J., concurred.