[S. F. No. 2424. In Bank.—January 5, 1904.]

## A. H. BAILY, Jr., et al., Appellants, v. HENRY KREUTZMANN, Respondent.

NEW TRIAL—DELAY IN SERVING STATEMENT—EXCUSABLE NEGLECT.— The court has authority, upon a proper motion made therefor, to relieve a party moving for a new trial for his failure to serve the statement in time, on the ground of excusable neglect. And where such motion is granted and afterwards the new trial is denied, the appellate court will not presume that the denial was based on the ground of the delay in the service of the proposed statement.

ID.—EVIDENCE—MEDICAL EXPERTS—EXTRACTS FROM BOOKS INADMISSIBLE.—A medical expert cannot, on direct examination, recite instances from medical reports and authors illustrating the difficulties attending the diagnosis of a case similar to the one involved in the trial. Medical works are hearsay and inadmissible in evidence, except on cross-examination, when a specific work may be referred to, to discredit a witness who has based his testimony upon it.

ID.—NEGLIGENCE—PHYSICIAN—INSTRUCTIONS.—In an action against a physician, in which the complaint charged the defendant with negligence and want of skill in treating the plaintiff, an instruction as follows, "The defendant in this action is not charged by the plaintiffs with any lack of general skill or competency as a physician and surgeon. This amounts to an admission, and you are bound to hold accordingly, that the defendant was possessed of that ordinary medical and surgical knowledge and skill which the law requires him to possess; there being no degree other than that of ordinary knowledge and skill recognized by law as a standard or applicable as a measure of knowledge and skill in such cases,"—is erroneous.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

J. J. Burt, for Appellants.

Loewy & Gutsch, for Respondent.

THE COURT.—The defendant is a physician and surgeon, and as such he examined the plaintiff Hannah M. Baily, and pronounced her ailment to be a cystic tumor of the ovary, and ordered her to a hospital, where he proceeded to operate upon her for the said ailment. After an abdominal incision and careful inspection of the parts, he discovered that the ovaries were in reasonably good condition, and, finding the uterus enlarged, concluded that the patient was probably pregnant, and sewed up the incision. The wound healed, and subsequent events proved that she was not pregnant at the time of the attempted operation. Thereafter the physicians and surgeons called as witnesses reached the conclusion, from the history of the case and all the circumstances surrounding it, that the patient's trouble was neither pregnancy nor an ovarian tumor, but was in fact a fibroid tumor of the uterus or something else nearly allied thereto. The patient and her husband brought this suit to recover forty thousand dollars for the said alleged unskillful and negligent acts of defendant. The verdict and judgment being in defendant's favor, plaintiffs moved for a new trial, and bring this appeal from the order denying the motion.

1. Respondent makes the preliminary objection that the proposed statement on motion for new trial was not served in time, and therefore the court was warranted in denying the motion, because there was no proper record to base it on. But it appears that appellants made a motion in due form to be relieved from their failure to serve the statement in time upon the ground of excusable neglect. This motion was granted, and thereafter the statement was duly settled and certified by the court. It was clearly within the discretion of the court to do this. (*Banta* v. *Siller*, 121 Cal. 414.) In view of the trial court's order relieving appellants from their failure to serve the statement in time, we will not presume that the new trial was refused on the ground of any delay in the service of the proposed statement.

2. Many objections are urged by appellant, but we will discuss only those errors which seem to require a reversal of the order appealed from.

On the trial medical witnesses called by defendant as experts to prove that his treatment of Mrs. Baily was neither negligent nor lacking in medical or surgical skill were allowed, in response to questions by defendant's counsel and against the objections of plaintiffs that the same was incompetent and hearsay, to recite instances from medical reports and authors illustrating the difficulties which attend a diagnosis under the circumstances developed in the case of Mrs. Baily. For instance, Dr. De Vecchi was permitted to say: "I refer to some reports in the Annals of Medicine, which prove the difficulty of making a diagnosis. . . . Professor Reverding, of Geneva, who is considered one of the most eminent surgeons of Geneva, once examined a woman; he could not make a diagnosis, but he suspected pregnancy, which diagnosis he doubted after the absolute assertion of the woman that it was impossible that she should be pregnant. He sent the woman to a hospital in Geneva, where the physician, after a careful examination and questioning of the woman, decided to wait for a while, under suspicion of pregnancy, and after a month or two an abdominal opening was made, and they found a pregnant uterus of six months."

Another physician testified: "I think you will find it in a book. Spencer Wells, when asked what class of tumor he was dealing with in an operation he was about to perform, said: 'I have stopped guessing; I will tell you when I open the abdomen.' That was after he had performed one thousand operations. He was the greatest author on abdominal tumors." There were many more of these illustrations and recitals from standard authors, living and dead, but the above quotations are sufficient to illustrate the point. It has been held, without conflict and in an extended line of cases in this state, that medical works are hearsay and inadmissible in evidence, except perhaps on cross-examination when a specific work may be referred to, it seems, to discredit a witness who has based his testimony upon it. (*People* v. *Wheeler,* 60 Cal. 581;[1] *Gallagher.* v. *Market-Street Ry. Co.,* 67 Cal. 13;[2] *Lilly*

[1] 44 Am. Rep. 70.          [2] 56 Am. Rep. 713.

v. *Parkinson,* 91 Cal. 655.) In *People* v. *Goldenson,* 76 Cal., at page 348, it is said: "Dr. Wolsey, one of the experts called by the defense, was asked to name the circumstances of the cases he had read where violence accompanied hysterical mania, and the court sustained an objection to the question. If allowed, the examination would have been in effect the introduction of medical works in evidence, and therefore it was properly rejected." It must be taken as the settled rule in this state that medical books are not admissible as evidence, except in the instance already specified. If the books themselves are hearsay and inadmissible, certainly any recital of their contents or the substance thereof is none the less hearsay, and should be excluded for that reason. It is apparent that the plaintiff's case may have been materially prejudiced by the erroneous admission of this evidence.

3. At the request of respondent the court instructed the jury as follows: "The defendant in this action is not charged by the plaintiffs with any lack of general skill or competency as a physician and surgeon. This amounts to an admission, and you are bound to hold accordingly, that the defendant was possessed of that ordinary medical and surgical knowledge and skill which the law requires him to possess; there being no degree other than that of ordinary knowledge and skill recognized by law as a standard or applicable as a measure of knowledge and skill in such cases."

This instruction was erroneous, and should not have been given. The plaintiff charged the defendant with negligence and want of skill in treating her, and should have been left to argue to the jury that the facts presented showed that the defendant was lacking in the skill usually possessed by a physician and surgeon.

The order appealed from is reversed.