[Civ. No. 815.    Second Appellate District.—August 19, 1910.]

## THOMAS J. GRIFFITH, Respondent, v. LOS ANGELES PACIFIC COMPANY, a Corporation, Appellant.

NEGLIGENCE—INJURY TO SPINE OF PASSENGER UPON COLLISION—EVIDENCE OF MEDICAL EXPERT—CROSS-EXAMINATION—HARMLESS RULING.—In an action for injury to a passenger from the negligent collision of cars running in opposite directions on the same track of defendant, where the only question was as to the extent of plaintiff's injuries, and a medical expert testified for plaintiff that he found symptoms of spinal injury about the lower portion of the spinal column more pronounced on the right side than on the left, and that the injury was of a permanent character, and testified on cross-examination that, as a rule, paralysis of the spinal column exists on both sides, and that he never heard or read of a case where it existed on one side only, it was not prejudicial to refuse to allow a further question whether every authority that he had read did not state that injury to the spinal column, with resulting paralysis, must exist on both sides.

ID.—RULE AS TO EXAMINATION OF MEDICAL EXPERT—CONTENTS OF STANDARD BOOKS—LIMITED APPLICATION.—The rule affecting the examination of an expert medical witness, which permits a showing of the contents of the books of standard authors skilled in that particular profession, is limited. It is permissible only to show what such authors have declared upon a subject, when a witness has based his opinion wholly or in part upon his reading of books of that character, and then only when statements found in such books are not in harmony with the testimony of the witness.

ID.—ANSWER IN AFFIRMATIVE TO QUESTION ASKED NOT CONTRADICTING TESTIMONY.—The medical witness having expressly testified that he had neither heard nor read of a case where there was spinal injury with resulting paralysis on one side of the body only, an answer in the affirmative to the question propounded by defendant's counsel would not have contradicted in any degree any testimony of the witness based upon his reading the works of medical authors, since his opinion as to the spinal injury being more pronounced on one side than the other was based upon medical observation, and not upon anything that he had before heard or read.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

14 Cal. App.—10

J. W. McKinley, Gurney E. Newlin, and Roy V. Reppy, for Appellant.

N. R. Rutherford, Jr., and E. B. Drake, for Respondent.

JAMES, J.—Plaintiff was a passenger on one of the cars operated by defendant when a collision occurred between the car upon which plaintiff was riding and another car running on the same track in the opposite direction, by reason of which plaintiff suffered severe physical injuries. Damages in the amount of $35,200 were claimed in this action, and by a verdict of a jury the sum of $7,500 was awarded to plaintiff. At the trial it was admitted by defendant that plaintiff was injured through its negligence, the only issues submitted to the jury being as to the extent of plaintiff's injuries, and the amount that he should recover therefor. A motion for a new trial was made by defendant, and from the order denying the motion this appeal is taken. But one ruling of the trial court is presented for review.

O. M. Justice, a physician, was called as a witness on behalf of plaintiff and testified that he found symptoms of spinal injury, when he examined plaintiff, and gave it as his opinion that such an injury had been sustained and that it was of a permanent character. As a foundation for his opinion, he testified that he had found an "anesthetic area" about the lower portion of the spinal column of plaintiff's body; that this area was more pronounced on the right than on the left side. It was defendant's contention that there was no spinal injury, and the cross-examination of the witness Justice was along a line calculated to obtain admissions from him inconsistent with the opinion which he had expressed. The witness had not referred to any medical work or works, either specifically or in a general way, up to the time the cross-examination was commenced. Upon cross-examination he testified: "Paralysis of spinal origin as a rule exists on both sides. I cannot say that it always does, but I have never heard of a case, nor do I recall one, where paralysis of spinal origin was on one side only. Nor do I remember reading any such case." He was then asked: "Q. What books have you read on this subject?" to which he replied, "A. I think probably the one I would adhere to more strongly than any other is

Dana, possibly.''   This question then followed: ''Q.   Doesn't Dana state that—and every other authority that you have ever read—that paralysis of spinal origin must exist on both sides?''   An objection interposed by plaintiff's counsel to this question was sustained.   The sole error assigned by defendant is on account of the ruling of the trial court in not permitting an answer to be made to the question.   The rule affecting the examination of an expert medical witness, which permits a showing of the contents of the books of standard authors skilled in that particular profession, is limited.   It is permissible only to show what such authors have declared upon a subject, when a witness has based his opinion wholly or in part upon his reading of books of that character (*Fisher* v. *Southern Pacific R. Co.*, 89 Cal. 400, [26 Pac. 894] ; *Lilley* v. *Parkinson,* 91 Cal. 655, [27 Pac. 1091]), and then only when statements found in such books are not in harmony with the testimony of the witness.   Here the physician expressly declared that he had neither heard nor read of a case where there was spinal injury with resulting paralysis of one side of the body only.   An answer in the affirmative to the question propounded by defendant's counsel would not have contradicted in any degree any testimony of the witness which was based upon his reading of works of medical authors, for he admitted that he had read nothing in support of his opinion as to the character and effect of the injuries caused to plaintiff's spine.   The ruling of the trial judge was therefore without prejudicial error.

The order is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 17, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by supreme court on October 13, 1910.