[Crim. No. 761. Second Appellate District, Division Two.—May 11, 1921.]

## THE PEOPLE, Respondent, v. JOSE ALBA, Appellant.

[1] CRIMINAL LAW—LARCENY—CORPUS DELICTI—SUFFICIENCY OF EVIDENCE.—In this prosecution for larceny, the evidence is held sufficient to establish the *corpus delicti.*

[2] ID.—CORPUS DELICTI—DEGREE OF PROOF.—It is not required that the *corpus delicti* be established beyond a reasonable doubt, but it is sufficient if there is some evidence tending to establish a criminal agency as the cause of the facts forming its basis.

[3] ID.—LARCENY—CRIMINAL TAKING OF PROPERTY.—In a prosecution for larceny, there must be evidence tending to show a criminal taking of the property.

[4] ID.—LARCENY OF HORSE—EXPLANATION OF DEFENDANT—EVIDENCE. In a prosecution for the larceny of a horse, the *corpus delicti* having been established, the court properly admitted the testimony of the marshal, who found the animal near the defendant's camp, that the defendant had told him that another man had stolen the horse and sold it to defendant.

[5] ID.—RECENT POSSESSION—CIRCUMSTANCE OF GUILT—INSTRUCTION. In such a prosecution, an instruction that the failure of the defendant to account for his possession of the property or to show that such possession was honestly obtained was a circumstance tending to show his guilt, and that defendant was bound to explain such possession in order to remove its effect as a circumstance of guilt, was not erroneous, when read with the instruction that the possession of stolen property is not sufficient standing alone, even though unexplained and unsupported, to warrant a conviction.

[6] INSTRUCTIONS—READINGS AS A WHOLE.—Instructions must be read as a whole, and when so read, if they state the law correctly, no error is committed.

[7] CRIMINAL LAW—INSTRUCTION WARRANTED BY EVIDENCE.—In this prosecution for the larceny of a horse, the evidence justified the giving of an instruction as to the unexplained possession of stolen properly as a circumstance of guilt.

[8] APPEAL—CONSTITUTIONAL LAW—REVERSAL FOR ERROR.—Under section 4½ of article VI of the constitution it is not sufficient to warrant a reversal to show that error has been committed, but the appellate court must be of the opinion that the error has resulted in a miscarriage of justice.

---

1. Proof of *corpus delicti* in larceny, notes, 68 L. R. A. 33; 28 L. R. A. (N. S.) 536; L. R. A. 1916B, 846.

[9] CRIMINAL LAW—BURDEN OF PROOF—INSTRUCTION.—An instruction that the burden of proof is upon the prosecution to prove every element of the offense charged beyond a reasonable doubt, and the defendant is not required to produce any evidence in his own behalf, but may rely upon the weakness of the case as presented by the prosecution, and *any evidence introduced by the defendant does not relieve the prosecution from the burden,* nor is the defendant required to prove anything to be entitled to an acquittal, was properly refused, since the italicized portion was erroneous.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Banta & Banta for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

CRAIG, J.—The defendant was charged with the crime of grand larceny. He was tried and convicted. An appeal is taken from the judgment and from the order denying motion for a new trial. The principal question presented upon the appeal is based upon the contention that the evidence did not establish a *corpus delicti,* and that the horse may have wandered away instead of being stolen.

[1] The material facts of the case are as follows: Pete Cooper, an Indian, was the owner of a mare which has been his since 1914. At the trial he testified that on the night of November 18, 1920, he had this mare on his place in Imperial County, near Yuma. He staked her out, but on the following morning she was not there. He examined the stake hole and it was straight. He knew the mare's footmarks and followed them for about seven miles; they led in the direction of Holtville. There were also buggy tracks and the marks of another horse's hoofs, and all of these led directly from the witness' house. On the next day the witness found the horse in the corral in Holtville, where it had been taken by the town marshal. Gillette, the town marshal of Holtville, testified that on the nineteenth day of November he drove from Holtville on the Yuma road and about a mile and a half outside of Holtville on the road

he found a mare, which proved to be Pete Cooper's tied in the bushes near the defendant's camp. Defendant's two children were there and a few minutes later the defendant and his wife drove up in a buggy. The mare in question was sweating. It appears that the camp where the horse was found was about forty miles from Cooper's place and about twenty-four hours had elapsed in making the journey. These facts are sufficient to constitute a *corpus delicti.*

[2] Appellant is wrong in his claim that the *corpus delicti* must be established beyond a reasonable doubt. It consists of two elements: First, the facts forming its basis, and, second, the existence of a criminal agency as the cause of them. It is sufficient if there is some evidence tending to establish a criminal agency. (*People y. Jones,* 123 Cal. 65, [55 Pac. 698].) [3] In the case of larceny there must be evidence tending to show a criminal taking of the property in question. [4] The *corpus delicti* having been established, the court properly admitted the testimony of Marshal Gillette that the defendant had told him that another man stole the horse and sold it to him.

The defendant testified in his own behalf; his wife and little boy were also witnesses. Briefly, the defense as given by them was that defendant had bought the mare from a man named "Theodore." The defendant had known this man for a long time. He knew that he lived in a town called "Bard." Defendant had asked for a bill of sale and it was agreed between them that upon defendant's return from his trip to Imperial Valley, Theodore would supply it. The jury heard this evidence but were not compelled to believe it.

[5] Appellant complains of the following instruction: "The mere possession of stolen property, unexplained by the defendant, however soon after the taking, is not sufficient to justify a conviction; it is merely a guilty circumstance, which taken in connection with other testimony is to determine the question of guilt. Yet, if you believe from the evidence that the defendant was found in the possession of the property described in the evidence, or claiming to be the owner thereof, this is a circumstance tending in some degree to show guilt, but not sufficient standing alone and unsupported by other evidence, to warrant you in finding him guilty. There must be, in addition to proof of possession

of property stolen from the premises described in evidence, proof of corroborating circumstances tending of themselves to establish guilt. These corroborating circumstances may consist of acts, or conduct or declarations of the defendant, or any other circumstances tending to show the guilt of the accused.

*"If the jury believes from the evidence, the property mentioned in evidence, was stolen from the premises described in evidence, and was seen in the possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence disclose such."* The part objected to we have italicized. Instructions almost identical in language and containing a statement of the same legal principle have been approved in many California cases. Some of these are as follows: *People* v. *Velarde,* 59 Cal. 457; *People* v. *Etting,* 99 Cal. 577, [34 Pac. 237]; *People* v. *King,* 8 Cal. App. 329, [96 Pac. 916]; *People* v. *Abbott,* 101 Cal. 645, [36 Pac. 129].

In the case of *People* v. *Abbott,* 101 Cal. 645, [36 Pac. 129], the exact instruction complained of in the instant case was given. It is true that in the Abbott case it does not appear that defendant attempted to explain his possession of the property, but the court treated the language of the instruction given as the statement of a principle of law and not as an assumption of fact. Again, in *People* v. *Etting,* 99 Cal. 577, [34 Pac. 237], we find the precise language used in the case of *People* v. *Abbott, supra,* and in the case at bar, although here, also, it does not appear from the opinion whether or not the defendant offered any explanation of his possession of the goods which had been stolen.

If appellant's criticism of this instruction is meritorious, the same objection applies to the language of the first paragraph of the instruction, especially as contained in the first sentence, for it may be said that the words "unexplained by the defendant" assume that the defendant has

not explained his possession of the stolen property. However, this exact language was used in the case of *People* v. *Velarde*, 59 Cal. 457, and in that case the defendant did offer an explanation after admitting his possession of the property. In the case of *People* v. *King*, 8 Cal. App. 329, [96 Pac. 916], the instruction given in the instant case is used with the exception that there the instruction refers to "a defendant" instead of "the defendant." While the article "*a*" is preferable to the article "*the*," in view of another instruction, given at defendant's request, it can hardly be said that the jury was misled by this slight difference in the wording of the two instructions.

This instruction was that the possession of stolen property is a circumstance "which, if unexplained, might tend in some degree to show guilt but is not sufficient standing alone even though unexplained and unsupported by other evidence to warrant you in finding him guilty." [6] The instructions must be read as a whole, and when so read, if they state the law correctly, no error is committed. (*People* v. *Etting*, 99 Cal. 577, [34 Pac. 237].) With the elucidation contained in instruction D–9, where the true rule which the law required should be applied for measuring the value as evidence of an explanation offered by the defendant of his possession of stolen property is clearly and correctly stated, it cannot be doubted that the jury was not misled by the inaccuracy of the language of instruction No. 13.

[7] In the case under consideration there was evidence from which it might be inferred that the mare had been feloniously taken. She was found in the possession of the defendant. Under these circumstances, the evidence justified the giving of the instruction. But appellant attempts to differentiate the cases in which the instruction in question has been approved from the one on appeal because he asserts that in each of them the defendant offered no explanation of his possession of the stolen property. However, in *People* v. *Velarde*, 59 Cal. 457, the opinion reads: "If either of the facts stated by him, to wit, that he had raised the cattle, or that he had bought them were true, it followed as a consequence that he was not guilty of the crime with which he was charged. It was only in connection with the

facts established by the evidence in the case that they became matters of evidence against the defendant. He attempted to account for the possession of stolen property, but the account given by him was a false one, and was shown by comparison with other facts proved in the case, and it thereby became a circumstance unfavorable to the hypothesis of defendant's innocence.''

[8] Section 4½ of article VI of the constitution of the state of California provides, ''Unless, after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of has resulted in. a miscarriage of justice,'' no new trial shall be granted in any criminal case on the ground of misdirection of the jury. Under this provision it is the duty of the appellate court to review the evidence to determine whether or not a miscarriage of justice has resulted from any error committed. It is not sufficient to warrant a reversal to show that error was committed, but the appellate court must be of the opinion that the error has resulted in a miscarriage of justice. (*People* v. *Bartol*, 24 Cal. App. 659, [142 Pac. 510].) From an examination of the evidence in this case we are satisfied of the defendant's guilt and that to uphold the verdict of the jury rather than to set it aside will best subserve the ends of justice.

[9] Complaint is made that the court erred in refusing to give an instruction asked by the defendant. Defendant's offer No. 3–D was properly refused. The offered instruction was as follows: ''The burden of proof is upon the prosecution throughout this case to prove every element of the offense as charged beyond all reasonable doubt. The defendant is not required to produce any evidence in his own behalf, but may rely upon the weakness of the case as presented by the prosecution. *Any evidence introduced by this defendant does not relieve the prosecution from this burden,* nor is the defendant required to prove anything to be entitled to an acquittal at your hands.'' (That portion of the instruction which we have italicized renders the instruction erroneous.) If the defendant wished to take the stand that the prosecution's evidence was insufficient, he could have rested without the introduction of evidence. However, it was the duty of the jury to weigh all of the

testimony and, if from the entire evidence, including that
given by the defendant, they were convinced of the defend-
ant's guilt beyond a reasonable doubt, it was the duty of
the jury to so find. The court fully instructed the jury
upon its duty on the doctrine of reasonable doubt and the
burden of proof; upon the effect of the possession of stolen
property as an item of evidence, and upon the circum-
stantial evidence rule. It was not necessary that the fur-
ther instruction offered by appellant upon these matters
should be given. Without taking up each one of the in-
structions offered by appellant and refused and which
it is contended should have been given, it is sufficient to
say that a careful examination of the record satisfies us
that each one which contains a correct statement of law
was covered by some one of the instructions given.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.