[Crim. No. 1333. First Appellate District, Division One.—February 25, 1927.]

THE PEOPLE, Respondent, v. FRANK DOMENIGHINI, Appellant.

[1] CRIMINAL LAW — VIOLATION OF SECTION 288, PENAL CODE — ELEMENTS OF CORPUS DELICTI.—In a prosecution for a violation of section 288 of the Penal Code, to wit, a commission of a lewd and lascivious act upon the body of a female child, the two elements of the *corpus delicti* are (1) certain facts forming its bases and (2) the existence of criminal agency as the cause of them.

[2] ID.—EVIDENCE — CORPUS DELICTI—CONFESSIONS.—In such prosecution, to justify a conviction the jury must be satisfied beyond a reasonable doubt of the existence of every fact necessary to constitute the offense and to identify the defendant as the perpetrator; but the evidence of the criminal act need not be of that conclusive character in order to justify the admission of an extrajudicial confession; and, although such confession cannot warrant a conviction unless corroborated by proof *aliunde* of the *corpus*

---

2. Proof of *corpus delicti* to corroborate confession, notes, 68 L. R. A. 50, 64, 68, 71, 73; L. R. A. 1916B, 748, 848. Necessity of proof of *corpus delicti* to admissibility of confession, note, 1 Ann. Cas. 823. See, also, 1 R. C. L., Admissions, sec. 130; 8 Cal. Jur., Criminal Law, sec. 248.

*delicti,* yet full proof thereof independent of the confession is not required, it being sufficient that there are corroborating facts which, with the confession, show the existence of an offense of which the defendant is guilty. And such facts may be shown by circumstantial evidence, it being sufficient that the evidence show *prima facie* a criminal agency.

[3] ID. — CORPUS DELICTI — EVIDENCE. — In such prosecution, the evidence, aside from defendant's confession, was sufficient to establish the *corpus delicti.*

[4] ID.—MEDICAL EXPERT — CROSS-EXAMINATION—PROPER RULING.—In such prosecution, while it was proper to cross-examine a doctor, who had stated that meningo-coccus germs were not to her knowledge found in vaginal discharges, as to whether she had read any medical works stating that they were so found, for the purpose of testing the competency of the witness, nevertheless, the ruling of the trial court in restricting the cross-examination on the subject was not erroneous, where the witness had testified in effect that she had read nothing which was contrary to her conclusion.

[5] ID.—EVIDENCE—CROSS-EXAMINATION.—In such prosecution, the trial court did not err in sustaining objections to questions asked the grandmother of the child as to the time when defendant arose on the day of the alleged commission of the offense, and whether its parents had then returned, where the grandmother previously stated on cross-examination that she was unable to remember.

[6] ID. — EXISTENCE OF DISEASE — ADMISSIONS — CONFESSIONS — EVIDENCE.—In such prosecution, the trial court, over objection by the defendant and after rejection of testimony by the father of the child that defendant had confessed the crime to him—it being shown that the alleged confession was not voluntary—properly permitted the witness to testify that defendant on that occasion admitted that he was suffering from gonorrhoea, where the fact stated did not of itself import guilt, and hence was not a confession.

[7] ID.—CORPUS DELICTI—EXTRAJUDICIAL STATEMENTS—EVIDENCE—INSTRUCTIONS.—In such prosecution, an instruction which stated the rule that upon *prima facie* proof of the *corpus delicti* the extrajudicial statements of defendant may be admitted in evidence, and having been so admitted may with the other evidence be considered by the jury in its determination whether or not all the elements of the crime and the defendant's connection therewith have been established beyond a reasonable doubt, was proper.

[8] ID. — HOSTILITY OF WITNESS — CROSS-EXAMINATION — ABSENCE OF PREJUDICE. — In such prosecution, questions on cross-examination asked of the mother and father of the child as to facts, which,

---

3. See 18 R. C. L., Mandamus, sec. 38; 16 Cal. Jur., Mandamus, sec. 78.

if true, tended to show hostility toward defendant, and further questions as to the past history of both witnesses, were proper and should have been allowed; but it cannot be said that the act of the court in restricting the cross-examination injuriously affected the substantial rights of the defendant.

[9] ID. — ALLEGED MISCONDUCT OF DISTRICT ATTORNEY — ABSENCE OF PREJUDICE.—In such prosecution alleged misconduct of the district attorney in stating to the jury that the child was a sufferer from an infection from which she would never recover, and that if it were his child the defendant would not be on trial for the offense, did not injuriously affect the substantial rights of the defendant.

[10] ID.—ALLEGED MISCONDUCT OF JUDGE—CONTINUANCE—DISCRETION. In such prosecution, there is no merit in the contention that the trial court was guilty of misconduct, or that its refusal to give defendant additional time to present affidavits in support of its motion for a new trial was an abuse of discretion.

---

(1) *16 C. J.*, p. 771, n. 23.    (2) *16 C. J.*, p. 736, n. 46, 50, p. 737, n. 51, p. 772, n. 31, p. 773, n. 41, p. 778, n. 96.    (3) *16 C. J.*, p. 771, n. 26.    (4) *16 C. J.*, p. 756, n. 9; 40 *Cyc.*, p. 2519, n. 88.    (5) 40 *Cyc.*, p. 2519, n. 88.    (6) *16 C. J.*, p. 629, n. 21, p. 715, n. 5.    (7) *16 C. J.*, p. 773, n. 41, p. 970, n. 42.    (8) *17 C. J.*, p. 313, n. 46. (9) *17 C. J.*, p. 298, n. 22.    (10) *16 C. J.*, p. 1247, n. 32.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

William F. Herron for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged by an indictment with a violation of section 288 of the Penal Code, to wit, a commission of a lewd and lascivious act upon the body of a female child. He appeals from the judgment entered on a verdict of guilty and from an order denying a new trial, urging as grounds for reversal that the evidence, aside from the appellant's extrajudicial statements, was insufficient to prove the *corpus delicti;* that certain rulings by the trial court were erroneous, and that its statements and

those by the attorneys for the prosecution made during the
course of the trial constituted prejudicial misconduct. The
evidence, aside from appellant's extrajudicial confession,
shows that the child was about three years of age, and
appellant, who boarded with her parents, occupied a room
in their dwelling. On the day the crime is alleged to have
been committed appellant was present in the room men-
tioned, and, as may fairly be inferred from the evidence,
he claimed to be ill, and was occupying a bed therein. The
parents were absent and the child had been left in the care
of her grandmother, who had come from her home to lend
this assistance. The grandmother testified that during the
day, the exact hour not appearing from the evidence, she
heard the child crying in appellant's room, and that in
reply to her question as to the cause he stated that the
child was crying for a piece of chewing-gum. It was fur-
ther testified by her parents that during the evening of
the following day the child was restless, unable to sleep and
complained of irritation in her private parts, which, on
examination, showed an inflamed condition; that on the
third day the child was taken to a physician, whereupon
she was found to be infected with gonorrhoea. The grand-
mother was unable to state definitely whether the first occur-
rence described happened on Monday or Tuesday, further
testifying that the first examination was made on the eve-
ning of the day during which the child visited appellant's
room. Sufficient appears, however, from her testimony
with that of the parents to support the conclusion that the
visit was made on Monday, and the examinations on the
following Tuesday and Wednesday, as stated by the parents.
It was testified by the physician who made the examination
that he found gonorrhoeal germs to be present and that
the parts, which were inflamed, showed other symptoms
of the disease, which he described, stating as his opinion
that the disease was of recent origin. Other physicians tes-
tified as to the minimum period required for the develop-
ment of the affliction after contact, one, Dr. Kruse, testify-
ing that such period in the case of a child of tender years
might be twenty-four hours, and the others stating the mini-
mum to be forty-eight hours or more, depending upon phys-
ical conditions. [1] With reference to the first point
urged for a reversal it may be said that the two elements

of the *corpus delicti* are (1) certain facts forming its bases and (2) the existence of criminal agency as the cause of them. (*People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890].) [2] To justify a conviction the jury must be satisfied beyond a reasonable doubt of the existence of every fact necessary to constitute the offense and to identify the defendant as the perpetrator; but, as held in *People* v. *Jones,* 123 Cal. 65 [55 Pac. 698], the evidence of the criminal act need not be of that conclusive character in order to justify the admission of an extrajudicial confession; and, although such confession cannot warrant a conviction unless corroborated by proof *aliunde* of the *corpus delicti,* yet full proof thereof independent of the confession is not required, it being sufficient that there are corroborating facts which, with the confession, show the existence of an offense of which the defendant is guilty. And such facts may be shown by circumstantial evidence (*People* v. *Alviso,* 55 Cal. 230; *People* v. *Wilkins,* 158 Cal. 530 [111 Pac. 612]), it being sufficient that the evidence show *prima facie* a criminal agency (*People* v. *Jones, supra; People* v. *Wagner,* 29 Cal. App. 363 [155 Pac. 649]; *People* v. *Alba,* 52 Cal. App. 603 [199 Pac. 894]).

[3] We think that the facts directly proved with the inferences reasonably to be drawn therefrom were sufficient to meet the requirements of the rule stated. That the child was in the room with appellant was shown, and that the latter was then in bed is a fair inference from the testimony. This, with the crying of the child, its physical condition found on the first examination, which might reasonably be said to have been due to contact more or less violent with appellant's person, and the condition shown by the second examination, together with the testimony that infection might have developed within the elapsed period, sufficiently corroborated appellant's statement that an offense had been committed of which he was guilty. This statement, which was voluntary, was made to the child's mother on the Wednesday following the day of the alleged commission of the offense. According to her testimony, which was not disputed, appellant stated in substance that at the time alleged he placed his private parts against those of the child and that an emission occurred, further stating, "I done it, and I want to spend the last penny to cure your baby."

Following this statement the child was taken to a physician, who, after the examination, notified the police. Appellant, however, had in the meantime disappeared, but during the following month surrendered himself to the officers. We do not deem further discussion upon the point necessary as we are of the opinion that the evidence, aside from appellant's confession, was sufficient to establish the *corpus delicti.* Complaint is made that the court restricted the cross-examination of Dr. Kruse on the question of the presence of meningo-coccus germs in vaginal discharges. **[4]** The witness, having stated that such germs were not to her knowledge found therein, and that her statement was based on her experience and reading, was asked whether she had read any medical works stating that they were so found. While, as held in *Fisher* v. *Southern Pac. R. R. Co.,* 89 Cal. 399 [26 Pac. 894], such cross-examination for the purpose of testing the competency of the witness as an expert is proper here, as in *Griffith* v. *Los Angeles Pacific Co.,* 14 Cal. App. 145 [111 Pac. 107], the witness had testified in effect that she had read nothing which was contrary to her conclusion, and the ruling was not therefore erroneous.

**[5]** Objections were sustained to questions asked the grandmother of the child as to the time when appellant arose on the day of the alleged commission of the offense, and whether its parents had then returned. The rulings of the court were proper in view of the previous statement by the witness on cross-examination that she was unable to remember.

**[6]** The court, over objection by appellant and after rejection of offered testimony by the father of the child that appellant had confessed the crime to him—it being shown that the alleged confession was not voluntary—permitted the witness to testify that appellant on that occasion admitted that he was suffering from gonorrhoea. The ruling of the court is assigned as error. This evidence was properly admitted. The fact stated did not of itself import guilt, and hence was not a confession (*People* v. *Miller,* 122 Cal. 84 [54 Pac. 523]; *People* v. *Knowlton,* 122 Cal. 357 [55 Pac. 141]; *People* v. *Williams,* 158 Cal. 530 [111 Pac. 612]; *People* v. *Fowler,* 178 Cal. 657 [174 Pac. 892]).

**[7]** Appellant next complains of the rejection of his proposed instruction as to the proof of the *corpus delicti.* An

instruction given by the court included the substance of that offered; but it is urged that the jury was erroneously told therein that they might consider the extrajudicial statements in determining whether the elements of the crime charged were proven beyond a reasonable doubt.

While expressions in the cases cited by appellant tend to support his contention, it is held in *People* v. *Selby,* 198 Cal. 426 [245 Pac. 426], that upon *prima facie* proof of the *corpus delicti* the extrajudicial statements, admissions, or confessions of the accused may be admitted in evidence; and having been so admitted may with the other evidence be considered by the jury in its determination whether or not all the elements of the crime and the defendant's connection therewith have been established beyond a reasonable doubt. The instruction given correctly stated the rule thus established. [8] Objections to questions asked on the cross-examination of the mother and father of the child as to facts which, if true, tended to show hostility toward appellant, and further questions as to the past history of both witnesses, were sustained, and these rulings are complained of. These questions were proper on cross-examination and should have been allowed. We cannot say, however, that the act of the court in restricting the cross-examination injuriously affected the substantial rights of the defendant. [9] The same may be said of the claim that the district attorney was guilty of misconduct in stating to the jury that the child was a sufferer from an infection from which she would never recover, and that if it were his child the defendant would not be on trial for the offense. [10]. Nor is there any merit in the contention that the trial court was guilty of misconduct, or that its refusal to give defendant additional time to present affidavits in support of his motion for a new trial was an abuse of discretion. Other points do not require consideration.

In conclusion it may be said that from a consideration of the entire case, including the evidence, we are of the opinion that the errors complained of have not resulted in a miscarriage of justice.

The judgment and order appealed from are affirmed.

Knight, J., concurred.

CAMPBELL, J., *pro tem.*—I dissent. I am of the opinion that there is not sufficient evidence to establish the *corpus delicti.* The only evidence remaining after eliminating not only the extrajudicial admissions and the confessions of the defendant, but also such evidence as tends to connect the defendant with the crime when established is that the child cried in defendant's bedroom; that she complained of an inflammation, and that she was subsequently found to be suffering from a venereal disease; that none of those residing in the house, unless it be the defendant, were infected with such disease, and which disease all the experts who testified agree in the case of a female child is more usually contracted by accidental infection than by direct contact, as from bed linen, towels, soap, sponges, and lavatory seats. This evidence at best but casts a suspicion upon the defendant and proves mere opportunity. The proofs of mere suspicious circumstances and of opportunity to commit a crime are never sufficient to justify a conviction (*People* v. *Robins,* 171 Cal 466 [154 Pac. 317]), and *a fortiori* to establish the existence of a crime.

In the majority opinion *People* v. *Jones,* 123 Cal. 65 [55 Pac. 698], is relied upon as authority holding that the evidence is sufficient to establish the *corpus delicti.* It is true that in the Jones case the court uses this language, quoted by Mr. Justice Clifford from Greenleaf on Evidence in *United States* v. *Williams,* 1 Cliff. 24 [Fed. Cas. No. 16,707]; "Full proof of the body of the crime, the *corpus delicti,* independently of the confession, is not required, says Nelson, C. J., in *People* v. *Badgley,* 16 Wend. (N. Y.) 59, by any of the cases; and in many of them slight corroborating facts were held sufficient." If the court in the Jones case intended to vary the rule which has had the sanction of the courts of this state from the beginning of judicial pronouncement on the question that the extrajudicial statements, admissions, and confessions of an accused are not admissible until the *corpus delicti* has been established, such holding has been brushed aside and the time-established rule reaffirmed in *People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890], where the court holds that "while slight proof of the *corpus delicti* has in many cases been properly held a suffi-

cient basis for the admission of such confession, it is nevertheless true that the confessions and admissions of the defendant cannot be used to establish any necessary element for the commission of the crime. . . . It has been held in this state that although all the elements of the crime charged must appear in the proof of the *corpus delicti,* it is not necessary that the evidence of the criminal act should be of the conclusive character required for conviction before the confession may be admitted in evidence. But no authority has been cited which justifies *the use of the confession itself to prove one or more of the necessary elements in the commission of the crime* that would be utterly lacking without such confession." (Italics mine.) (See, also, *People* v. *Simonsen,* 107 Cal. 346 [40 Pac. 440]; *People* v. *Tapia,* 131 Cal. 651 [63 Pac. 1001]; *People* v. *Frank,* 2 Cal. App. 285 [83 Pac. 578]; *People* v. *Frey,* 165 Cal. 144 [131 Pac. 127].)

It is evident that *People* v. *Jones* was not called to the attention of the court when it was considering the Vertrees case. If it had been the court would doubtless have disagreed with the language quoted that "full proof of the body of the crime, the *corpus delicti,* independently of the confession is not required," or would have declared it to be mere *dictum,* which it appears to be, as it was not necessary to a decision of the case, there being sufficient evidence to establish the *corpus delicti* independent of the confession, and in fact the court so stated: "In the case before us I think the evidence, though weak and unsatisfactory in particulars capable of more explicit statement, is sufficient to justify the admission of the confession."

The language of Mr. Justice Clifford quoted in *People* v. *Jones* is also quoted in *People* v. *Selby,* 198 Cal. 435 [245 Pac. 426]. So, also, does the court in the Selby case quote with approval from *People* v. *Rowland,* 12 Cal. App. 7 [106 Pac. 428]: "It is of course a well-settled rule of law that the confession or extrajudicial admissions of a party accused of crime cannot be considered for the purpose of proving the *corpus delicti* or, in other words, of proving the elements necessary to constitute the crime with which he is charged." The question with which the court in the Selby case was primarily concerned, when quoting the language of Mr. Justice Clifford to the effect that full proof of the body of

the crime independently of the confession is not required, was concerning an instruction refused which was in effect that the jury could not consider the confession of the accused until the *corpus delicti* had been established to a moral certainty and beyond a reasonable doubt. It is clear that the language of Mr. Justice Clifford quoted in the Selby case from the Jones case was not intended by the court to establish a new rule in this state; otherwise the court would have expressly so stated and not cited with approval the Rowland case, which is supported by the unanimous authority on the question in this state and which is in direct conflict therewith.

It is apparent that in the instant case the elements of the commission of the crime are utterly lacking without the admissions and confession of the defendant. These, under the rule stated in *People* v. *Vertrees, supra,* and which is supported by the other authorities cited, cannot be used to supply the defects of proof of any essential element of the crime. The infection from which the child was suffering was only one of the elements of the *corpus delicti;* it is like the fact of death in a homicide case, which, as is said in *People* v. *Simonsen, supra,* does not establish the *corpus delicti,* but only the *corpus.* The second essential elements, that is, the criminal agency from which the infection resulted, was supplied wholly by the statements of the defendant testified to by the parents of the child.

Shorn of the statements, admissions, and confession of the accused and his disappearance and flight—which can avail no more than his admissions to establish the *corpus delicti,* being but a circumstance tending to connect the defendant with the commission of the crime and to authorize the inference of guilt, the *corpus delicti* being proven (*State* v. *Poe,* 123 Iowa, 118 [101 Am. St. Rep. 307, 98 N. W. 587]; 8 R. C. L. 192)—there remains only suspicion and opportunity. If opportunity be held to be sufficient to establish the fact that a crime has been committed, but few would be immune from prosecution and the indignity of being forced to make a defense in a criminal court.

It is my opinion that the case should be reversed for lack of proof of the *corpus delicti.*

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 25, 1927.