[Crim. No. 2793. Second Appellate District, Division Two.—November 22, 1935.]

THE PEOPLE, Respondent, v. JAMES HOOPER, Appellant.

L. V. Peterman and Wm. J. Clark for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

GOULD, J., *pro tem.*—Defendant appeals from an order denying his motion for a new trial after he was convicted by a jury on two counts, one for forgery, the other for a violation of section 132 of the Penal Code.

The case has to do with a check for $50 dated April 28, 1932, drawn by defendant's wife as payer, made payable to defendant, endorsed by him and delivered through the mail to his landlord upon his rent account. It is conceded that the check at the time of delivery to the landlord bore upon its

back the words, "This check is for rent at 4145 Tracy Street from May 1, 1932." When the landlord later brought suit for a claimed balance of $599.04 on the rent account the $50 check was produced at the civil action in the Los Angeles Municipal Court, and in addition to the above-quoted words it had this endorsement on the back: "All previous rent paid." The writing of these words constitutes the forgery charged, it being the claim of the prosecution that after the check was endorsed and cashed by the landlord, and after it was returned to Mr. and Mrs. Hooper, defendant wrote across it the words which, if true, would have wiped out the rent bill.

■ Appellant claims that inasmuch as the alleged forgery is of the endorsement on the back of the check the information as to count one is fatally defective because it charged forgery generally, without specifically charging forgery of the endorsement, relying in this contention upon *People* v. *Thornburgh*, 4 Cal. App. 38 [87 Pac. 234]. But that case presents an entirely different state of facts. Here the information charged in terms that we deem amply sufficient that defendant did "wilfully, unlawfully and fraudulently and feloniously make, alter and forge a certain contract and receipt for money, acquittance, release, acceptance and endorsement of a draft and order in writing", etc., and then set out in full the check with the endorsements thereon. In our opinion the charge was sufficiently explicit and appellant was thereby fully apprised of the accusation against him.

■ Section 132 of the Penal Code denounces as a crime the offering in evidence at any trial as genuine or true any instrument known to be forged or fraudulently altered. At the municipal court trial, appellant contends, the check in question was never "offered in evidence", and therefore conviction as to that offense is not supported by the evidence. It is true that the record does not disclose that the check was ever marked as an exhibit in the civil case, and the court reporter at that trial could not discover from his notes that it was ever formally introduced in evidence. But the check was produced in the municipal court by appellant's attorney, appellant there testified as to the check and the disputed endorsement, it was marked for identification, was examined by the court and was the subject of expert testimony and legal argument. We are of the opinion that such use of the docu-

ment constitutes an offering in evidence within the meaning of the section.

Appellant's point as to insufficiency of the evidence is answered by the observation that there was ample substantial evidence to justify the jury's verdict.

█ Error of law is asserted because a handwriting expert introduced in behalf of appellant was asked questions on cross-examination touching his familiarity with a certain printed work on the subject concerning which he was testifying. While it is the general rule that the contents of printed books may not be brought before the jury upon examination of an expert witness, upon the theory that such action violates the hearsay rule and permits a person not under oath and not subject to cross-examination to place his opinions before the jury (*Baily* v. *Kreutzmann*, 141 Cal. 519 [75 Pac. 104]), the rule is otherwise upon cross-examination where, as here, the witness has testified that he relies upon certain works, or where the purpose is to test the competency of the expert. (*Fisher* v. *Southern Pacific Co.*, 89 Cal. 399 [26 Pac. 894].)

█ Nor do we think the court erred in excluding proffered testimony of appellant that he had in fact paid his back rent bill by services performed for the landlord. The only question involved here was whether the forgery of the four words was committed by appellant, and the line of testimony sought to be introduced was extraneous to the issue and not material.

Order affirmed.

Wood, J., and Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 19, 1935.